LEVY MEYERS, trustee, plaintiff in error, *vs.* FRANK M. MYRRELL, defendant in error.

1. A covenant by a lessee to place the premises in serviceable condition and repair, and to keep them so during his term, and, at the expiration of the term, to return them in like condition and repair, imposes the obligation to rebuild, if the stipulations of the covenant cannot be otherwise performed.

Myers *vs.* Myrrell.

2. A covenant to make any repairs required by the proper municipal authorities, for the safety or convenience of vessels lying at the demised wharf, is not broken by failure to make repairs ordered by such municipal authorities to prevent injury to the river.

3. When the deed of lease points out the repairs which the lessee is to make, as indicated in the two preceding notes, no additional duty of repairing or improving is cast upon the lessee by a stipulation in the same deed, that in no event is the lessor to be held bound or liable for, or chargeable with, any repairs or improvements, whatsoever, upon the premises; nor by the further stipulation therein, that all improvements put by the lessee, upon the premises, during the term, shall become the property of the lessor, without charge to him, and shall not be removed by the lessee. These provisions of the deed do not oblige the lessee to carry his repairs and improvements beyond what may be needed for "serviceable condition," and what may be required by the authorities for the "safety or convenience of vessels lying at the wharf."

4. There being, in the record, no sufficient evidence that the premises were ever out of "serviceable condition" whilst the lessee was under obligation to repair, or that any call upon him was made to repair for the "safety and convenience of vessels," the verdict of the jury was correct, and the motion for new trial was properly denied.

Contracts. Lease. Landlord and tenant. Before Judge TOMPKINS. Chatham Superior Court. February Term, 1876.

Arnold, trustee, brought assumpsit against Myrrell, on the covenants contained in a deed of lease of a certain wharf in the city of Savannah. The declaration contained two counts, the first upon the following covenant, and its breach:

"1st. And the said party of the second part doth also covenant for himself, his heirs, etc., to place said demised premises in serviceable condition and repair, and to keep them in such serviceable condition and repair while he continues to occupy the same and during the continuance of this lease, and to return the same to the said party of the first part, his executors, etc., in such serviceable condition and repair at the end and expiration of this lease."

2d. The second count was upon the following covenant, and its breach:

"And that any repairs required by the commissioners of pilotage for the safety or convenience of vessels lying at said

wharf, shall be made and completed by the said party of the second part at his own proper charge, and that in no event shall the said party of the first part, during the continuance of this lease, be held bound, or liable for, or charged with any repairs or improvements whatsoever upon the said demised premises."

Damages were laid at $5,000 00.

The defendant, besides the general issue, pleaded that the wharf had been rebuilt instead of being repaired, and he was not liable therefor under his two covenants.

On the trial, the plaintiff introduced the following evidence :

1st. The lease containing the covenants, which also provided that all improvements put by the lessee upon the premises during the term should become the property of the lessor, without charge to him, and should not be removed by the lessee.

2d. A certified copy of an order from the mayor and aldermen of Savannah, acting as commissioners of pilotage, which was substantially as follows : "That the owners of the wharf should, within thirty days, begin, well and sufficiently, according to the opinion of the surveyors duly appointed, to repair, and with reasonable diligence continue to repair, such wharf, which, in the opinion of said surveyors, 'should be repaired to prevent injury to the river.' " The following extract from the report of said surveyors describes the wharf referred to : "Goodwin & Meyers' wharf needs a number of additional piles, new cap logs, joist flooring. It should be rebuilt."

3d. Proof of notice sent by plaintiff to defendant, enclosing a copy of the order and requiring defendant to obey the same ; proof that the latter failed to do so, and subsequently plaintiff repaired, in conformity to the order, to the extent of substantially rebuilding ; that this was done as cheaply as possible ; that the cost to plaintiff was $3,129 00 ; and that by reason of the condition of the wharf when the order of the city authorities was given, it could not have been substantially repaired without being rebuilt.

The evidence for defendant was, in brief, as follows: The wharf was an old one when the lease began, but was in a serviceable condition for the uses to which it was generally applied. Defendant had repairs made from time to time, keeping it "in serviceable condition," and left it in as good condition generally as when he received it.

The jury found for defendant. Plaintiff moved for a new trial, on the following, among other grounds:

1st. Because the court charged, substantially, as to each of the two covenants, that the obligation imposed on defendant did not include re-building the wharf—that "repairing does not mean re-building," and refused to charge the contrary.

2d. Because the verdict was contrary to law and evidence.

The motion was overruled, and plaintiff excepted.

Whilst the case was pending before the supreme court, Arnold died, and Meyers, his successor, was made a party plaintiff in his stead.

WEST & CUNNINGHAM; A. T. AKERMAN, for plaintiff in error.

A. B. SMITH, for defendant.

BLECKLEY, Judge.

We recognize the doctrine that the tenant must perform his covenant, though to do so may involve re-building. But this case had a proper result, inasmuch as, according to the evidence, or to the decided weight thereof at least, no breach of the covenant occurred. It was not made to appear, by a preponderance of evidence, that the wharf was not kept and returned in "serviceable condition." Neither was it made to appear that any repairs were called for by the municipal authorities "for the safety or convenience of vessels lying at the wharf." It would be an unwarrantable expansion of the covenant to hold that repairs demanded for the broad purpose of "preventing injury to the river," were to be made by the tenant in addition to those for which he expressly stipu-

lated.    The repairs which he engaged to make were those only that were necessary for the objects distinctly specified.    On the obligation to perform, even to the extent of re-building: See 6 Term, 650; 3 Vesey, 34; 4th Camp., 275; Shep. Touchs., 173; 3 Saunders, 422, *n.* 2; 4 McCord, 431; 3 Denio, 294; 5 Barb., 666; 22 Ala., 382; 35 Miss. R. 618; Comyn L. & T., 202; Taylor L. & T., sections, 357, 360, 364; 16 Mass., 238; 3 Kent Com., 467, 468; Chitty on Contracts, 336; Broom's Maxims, 233; 35 Cal., 416.

Judgment affirmed.