(Decided 15th July, 1879.)

---

GEORGE LANGE and ADAM APPEL *vs.* FRANTZ WAGNER.

*Action on an Injunction Bond—Items and Measure of Damages in such Action—A Survey and Measurement of land excluded as evidence in such Action, on the ground that the question of Title could not be tried in that collateral way and that the Survey was made ex parte—Effect of the Injunction Case upon the question of Title in an action upon the Injunction Bond.*

In an action on an injunction bond, proof was offered that the plaintiff was engaged in supplying his customers with milk, and kept a

number of milch cows. His frame stable having become somewhat out of repair, was partially torn down in the summer of 1877, and he began to erect a brick stable in its place. In Aguust of that year, he was stopped by the injunction, which continued till the 6th day of December following. After it was dissolved he went on to complete the building, and had it finished about the 25th of the same month. While the injunction was in force the plaintiff's cows were deprived of their accustomed and proper shelter, and were more exposed to the weather. The following question was then propounded to the witness: " what was the effect upon the cows if any, in consequence of being exposed to the wet and cold weather, because you could not finish the brick stable while the injunction suit was pending ?" On objection by the defendants it was HELD:

That the question was pertinent and legal.

One of the grounds of special damage stated in the plaintiff's *narr.* was " the injury done to his cattle by exposure to the weather, requiring extra care and food, and causing their flow of milk to greatly decrease." HELD:

That such damage was one of the direct consequences of the injunction, for which the plaintiff was entitled to recover.

The defendants offered evidence for the purpose of proving that the stable was built in part upon land belonging to the defendant L., on objection it was HELD:

1st. That it was not competent for the defendant to prove title to the property in this collateral way.

2nd. That he was concluded on that question by the decision in the injunction case.

3rd. That the evidence by which it was offered to prove title was *ex parte* and inadmissible, being a survey and measurement of the ground made by a surveyor, not in the presence or by the authority of the plaintiff, or by any authority of law.

By the prayers which were granted the jury were instructed that they might find for the plaintiff " in such damages, if any, as shall appear from the evidence that he has actually and necessarily or directly sustained by reason of the granting and serving of the writ of injunction," and " that actual, natural and proximate damages are such as are the direct necessary and natural result and effect of the act complained of, and from which injury is alleged to have been sustained." And a prayer of the defendants,

Lange and Appel *vs.* Wagner.

which was granted, excluded from the computation of damages, all evidence of the rental value of the brick stable if it had been completed. HELD:

That these instructions left to the jury the question of the items and measure of damages in a way of which the defendants had no cause to complain.

APPEAL from the Circuit Court for Baltimore County.

The case is stated in the opinion of the Court.

*First* and *Second Exceptions* sufficiently stated in the opinion of the Court.

*Third Exception.*—The plaintiff offered the following prayer:

If the jury find from the evidence that the complainant, mentioned in the bond offered in evidence, did not prosecute his writ of injunction therein mentioned to a successful termination, then they may find for the plaintiff in such damages, if any, as shall appear from the evidence that he has actually and necessarily or directly sustained by reason of the granting and serving the said writ of injunction.

And the defendants offered the nine following prayers:

1. That the Court instruct the jury separately, as to the following items of damage claimed by the plaintiff; that the plaintiff can only recover in this case such damages, in case they allow any, as was the actual, natural and proximate result and effect of his being stopped in the erection of his brick stable, by reason of the injunction mentioned in this case, and that the evidence offered by the plaintiff, and admitted subject to exception, and tending to prove damage and injury to the plaintiff's cows; the decrease in their yield of milk alleged to have been caused by their exposure to the weather, the loss to the plaintiff by reason of his being obliged to buy feed for his

cows by the small quantity at the time plaintiff was stopped as aforesaid, the difference of completing said stable at the time when the building of said stable was stopped as aforesaid, and the cost at the time when the said injunction was dissolved and said stable was completed, is not proper evidence, and therefore not admissible in this cause, and the evidence upon said several items is not to be considered by them in estimating or assessing damages, if any, to the plaintiff.

2. That the only injury for which they can allow damages to the plaintiff, in case they allow any, is such as would arise by reason of the cost and expense in money and labor expended by him in order to prevent loss or injury to his property and business by reason of his being stopped in the building of the brick stable referred to in this case, by the injunction issued as mentioned in this case, provided they shall believe from the evidence that all or any other loss or injury to the plaintiff, or his property, could have been avoided by the expenditure of a reasonable amount of money and labor.

3. That after the erection and building of the plaintiff's stable, mentioned in this case, had been stopped by reason of the injunction mentioned and referred to in this case, it was the duty of the plaintiff to avoid the consequences of the erection of said building being so stopped as far as reasonably could, and if by labor or by a reasonable outlay of money he could have stayed or avoided the consequences resulting from being stopped as aforesaid, he should have done so, and all consequences resulting from his own wilful failure or gross neglect to use timely and reasonable precaution, or means to prevent an extension or increase of the injury, should fall upon himself.

4. That actual, natural and proximate damages are such as are the direct, necessary and natural result and effect of the act complained of, and from which injury is alleged to have been sustained.

5. That the plaintiff has offered no evidence in this cause to prove that he expended any money or labor to prevent loss or injury to him from his being stopped in the erection of the brick stable mentioned in this cause.

6. That the answer of the plaintiff filed in the injunction case referred to, and the opinion of the Court filed in said case, which were offered in evidence in this case subject to exception, are not evidence, nor is either of them evidence, and that the same cannot be used in evidence before the jury in this case.

7. That in estimating damages for plaintiff, if any, the jury cannot make any estimate of the rental value of the brick stable mentioned in this case, because said stable does not appear to have been in the course of erection for the purpose of rental, and because there is no proof in this cause that the plaintiff ever offered the same for rent, or ever was offered rent for the same.

8. That if from the evidence the jury believe that the plaintiff, by the exercise of a reasonable expenditure of labor and money, could have prevented the injuries complained of, and failed so to do, the jury in estimating damages, if any, cannot estimate any damages for any injuries which the plaintiff, by the expenditure of a reasonable amount of money or of labor, could have prevented, provided they find from the evidence that said injuries complained of could have been prevented by the plaintiff by the expenditure of a reasonable amount of money or labor on his part.

9. That the papers in the injunction suit referred to in this case, and which papers were offered in evidence in this case by the plaintiff, are only evidence, if at all, for the purpose of proving that the injunction was issued at the instance of the complainant, and that the said injunction was subsequently dissolved, and said papers are evidence for no other purpose whatever.

Lange and Appel *vs.* Wagner.

The Court (YELLOTT, J.,) granted the plaintiff's prayer, and the defendants' fourth, seventh and ninth prayers (the said fourth prayer being conceded) and rejected the defendants' first, second, third, fifth, sixth and eighth prayers. The defendants excepted, and the verdict and judgment being against them, appealed.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, MILLER, and ALVEY, J.

*Wm. E. Hoffman,* for the appellants.

The question and answer excepted to by the appellants, which forms the subject of the first bill of exceptions was clearly inadmissible. The injunction was for the purpose of stopping the erection of a brick stable, and *the effect of the weather upon appellee's cows,* because he could not *finish* the brick stable was not the *natural, proximate* and *necessary* result of the injunction, but was too remote to form an element of damage in this suit. The injunction did not turn the appellee's cows out of the stable, *nor expose them to the weather,* even if the effect of the weather upon them could be unmistakably shown. *Sedgwick on Damages,* (6th *Ed.,*) 92, *and notes; High on Injunctions, sec.* 964; *Brown vs. Jones,* 5 *Nevada,* 374; *Ubrig vs. City of St. Louis,* 47 *Mo.,* 528; *Collins vs. Sinclair,* 51 *Ills.,* 328; *Fort vs. Orndorff,* 7 *Heisk.,* (*Tenn.,*) 173; *Haysler vs. Owen,* 61 *Mo.,* 273; *Middlekauf vs. Smith,* 1 *Md.,* 342–343; *Stewart vs. State, &c.,* 20 *Md.,* 97.

The appellants were entitled to offer the proof as stated in their second bill of exceptions—at least in mitigation, if not entirely in bar, of appellee's claim for damages. If they could have shown by the witness Martinet *that a part of the brick stable in question was erected upon appellant Lange's ground,* other than the alleyway—this not having been a question in the injunction suit— then clearly there had been no damage to the appellee,

in his having beens topped in an improper and unlawful act.

Where no damage has been actually suffered, none should be allowed, is the rule in actions of this nature. If the appellee was in the commission of an unlawful act, he cannot claim damage resulting from his being so stopped. *High on Injunctions, sec.* 964; *Sedgwick on Damages,* (*6th Ed.,*) *marg., p.* 47 ; *Jenkins vs. Parkhill,* 25 *Indiana,* 478.

The rejection of appellants' first prayer was error, for the reason that the appellee was not entitled to recover for any such remote damages as claimed by him, (the evidence having been admitted subject to exception.) These matters were not in any manner the direct and necessary result of the injunction, and to permit the appellee to make claim for them, would be to invite speculation in law suits, and offer a premium therefor. *Field on Damages, sec.* 558, *p.* 444; *Sedgwick on Damages,* (*6th Ed.,*) 92 *and notes; Morgan vs. Negley,* 53 *Penn. St. Rep.,* 153; *Calloway Mining Co. vs. Clark,* 32 *Mo.,* 305; *Muller vs. Fern,* 35 *Iowa,* 420; *Academy of Music vs. Price,* 2 *Hilton,* (*N. Y.,*) 217 ; *Brown vs. Jones,* 5 *Nevada,* 374.

The appellants' second, third and eighth prayers should have been granted, because the principle of law firmly established was therein correctly stated.

The evidence of appellee's witness Loeber, that the old stable from which the boards had been taken off, could have been fixed up for from $5 to $30, and the evidence of appellee's witness, Sheffer, all showing that the old stable could have been repaired by a small expenditure of time and money, limits the extent of the appellee's recovery. *He was only entitled to recover for such damage as he could not prevent or avoid.* This is in accordance with the law as laid down in this State. *Field on Damages, sec.* 21 ; *Sedgwick on Damages,* (*6th Ed.,*) 94 *and* 95, (*marg.,*) *and*

*notes; Greenleaf's Evidence, sec.* 256–261; *Lawson vs. Price,* 45 *Md.,* 123–136.

If the appellee could have avoided the consequences of the alleged wrong, and was bound to do so and did not, then the appellants' fifth prayer should have been granted.

The granting of the appellee's prayer was erroneous, if the appellants' theory as laid down in the second, third and eighth prayers was correct, because it should have been qualified by the appellee's duty to protect himself as far as in his power, by reasonable effort and expense.

*H. P. Jordan,* for the appellee.

The appellee is clearly entitled to all the damages that he sustained by reason of the injunction suit, including *injury* to his cattle and loss of *profits* in his business. *Shafer vs. Wilson,* 44 *Md.,* 269; *Brown and Otto vs. Werner,* 40 *Md.,* 15; *Hamilton vs. The State, use of Hardesty,* 32 *Md.,* 348 *and* 353; *Lawson vs. Price,* 45 *Md.,* 138 *and* 139; *White vs. Mosely,* 8 *Pick.,* 356; *B. & O. R. R. Co. vs. Thompson,* 10 *Md.,* 88.

The Court properly rejected the evidence of Simon J. Martinet. It was immaterial and irrelevant—the only issue being the damages sustained by the appellee by the injunction suit. The question of title to the land could not be inquired into in this collateral way. The appellee had no notice whatever of any survey of the premises, and therefore could not be bound by it if the evidence had been admissible otherwise.

The question of ownership of the ground upon which the appellee was building his brick stable, (and which the appellant stopped by his injunction,) has been adjudicated and decided in the injunction suit, from which the appellants have taken no appeal. It is the law of the case until reversed by this Court.

The appellee can recover under his declaration for all losses and injuries coming within the terms and condi-

tions of the bond, which he can show has resulted to him by reason of the injunction. *Jenkins & Hewes vs. Hay*, 28 *Md.*, 560. The injunction bond is liable for all damages even during the pendency of an appeal to the Court of Appeals. *Hamilton vs. State, use of Hardesty*, 32 *Md.*, 348.

The appellants' first prayer was designed to restrict the power of the jury in deducing conclusions from certain facts before them, and was clearly wrong. *Lawson vs. Price*, 45 *Md.*, 137. This prayer must have been rejected if the rulings of the Court in the first exception is correct. See authorities above *cited*, and *Jenkins & Hewes vs. Hay*, 28 *Md.*, 560.

The appellants' second, third and eighth prayers all proceed on the same principle, and may all be included in one reply.—There is no evidence of "*wilful*" or "*gross neglect.*" These prayers were properly rejected because they exclude in toto the appellee's right to recover damages for any injury to which his want of diligence might have contributed, when at most it could only have reduced the damages, if negligence on his part had been proven, which was not done, but to the contrary, Their own witness, Lange, proved " we nailed the boards again on the old stable," and Mrs. Wagner and Frantz Wagner, testify to have purchased more food and used more care to save the cows from greater injury. We were expecting the injunction case to be disposed of every week, and therefore avoided unnecessary expense. *Sedg. on Dam.*, (6th *Ed.*,) 107; *Mayne on Dam.*, 16; *Lawson vs. Price*, 45 *Md.*, 136.

The appellants' fifth prayer was properly rejected. There was evidence of extra labor and money expended to prevent injury to the cows.

The sixth prayer was also properly rejected. If the record in the injunction suit was admissible for any purpose, it would have been error in the Court to exclude it;

and the *onus* is the objector to point out the inadmissible portion. *Pegg vs. Warford,* 7 *Md.,* 604; *Levy, et al. vs. Taylor,* 24 *Md.,* 282; *Budd vs. Brooke,* 3 *Gill,* 220; *Carroll's Lessee vs. The Granite Manufacturing Co.,* 11 *Md.,* 408.

The appellants got all they were entitled to in their ninth prayer.

BARTOL, C. J., delivered the opinion of the Court.

At the instance of Lange, the appellant, a writ of injunction was issued by the Circuit Court for Baltimore County, prohibiting the appellee from completing the erection of a brick stable upon an alley-way, which Lange averred the appellee had no right to close, without his consent. The injunction was afterwards dissolved, and this suit was brought on the injunction bond of the appellants, to recover damages sustained by the appellee, by reason of the injunction.

The right of action is not disputed, the only questions raised by the bills of exception relate to the subject of damages and are presented in the form of exceptions to testimony, and to the rulings by the Court below upon the prayers.

These exceptions will be disposed of in the order in which they appear in the record.

*First Exception.*—Proof was offered that the appellee was engaged in supplying his customers with milk, and kept a number of milch-cows. His frame stable having become somewhat out of repair, was partially torn down in the summer of 1877 and he began to erect a brick stable in its place.

In August of that year he was stopped by the injunction, which continued till the 6th day of December following; after it was dissolved, the appellee went on to complete the building and had it finished about the 25th of the same month. While the injunction was in force, the

appellee's cows were deprived of their accustomed and proper shelter, and were more exposed to the weather.

The question propounded to the witness, and objected to by the appellants, was "what was the effect upon the cows, if any, in consequence of being exposed to the wet and cold weather, because you could not finish the brick stable while the injunction suit was pending?" It seems to us the question was pertinent and legal.

One of the grounds of special damage stated in the *narr.* was "the injury done to his cattle by exposure to the weather, requiring extra care and food and causing their flow of milk to greatly decrease." Such damage was one of the direct consequences of the injunction, for which the plaintiff was entitled to recover. *Hamilton vs. The State,* 32 *Md.,* 348; *Lawson vs. Price,* 45 *Md.,* 124; *B. & O. R. Co. vs. Thompson,* 10 *Md.,* 76, 88.

*Second Exception.*—The evidence offered by the defendants, set out in this bill of exceptions, was clearly inadmissible, and there was nó error in excluding it. It was offered for the purpose of proving that the brick stable was built in part upon land belonging to the defendant Lange. It was not competent for the defendant to prove title to the property in this collateral way. He was concluded on that question by the decision in the injunction case. Moreover, the evidence by which it was attempted to prove title, was in itself inadmissible, the survey and measurement of the ground by Mr. Martinet, was not made in the presence, or by the authority of the plaintiff, or by any authority of law. It was made *ex parte*, and could not bind the plaintiff or affect his rights in any way.

*Third Exception.*—This was taken to the ruling by the Circuit Court upon the prayers.

By granting the plaintiff's prayer and the *fourth* prayer of the defendants, the jury were instructed that they might find for the plaintiff "in such damages, if any, as

shall appear from the evidence that he has actually and necessarily or directly sustained by reason of the granting and serving of the writ of injunction. They were further instructed that actual, natural and proximate damages are such as are the direct, necessary and natural result and effect of the act complained of, and from which injury is alleged to have been sustained."

The *seventh prayer* of the defendants which was granted, excluded from the computation of damages, all evidence of the rental value of the brick stable if it had been completed. These instructions we think left to the jury the question of the items and measure of damages in a way, of which the defendants have no good cause to complain.

The defendants' first prayer was properly refused, the several items or causes of damage therein enumerated and sought to be excluded from the consideration of the jury, were losses and injuries naturally resulting from the wrongful act of the defendant Lange, and coming within the terms and conditions of the bond; some of them were set forth in the declaration. The prayer in the form in which it was asked could not properly be granted.

The second, third and eighth prayers of the defendants seem to have been intended to present the proposition that it was the duty of the plaintiff, after he was stopped by the injunction to use reasonable diligence and care to prevent or diminish the damages and loss resulting therefrom—and that for such damage as was caused by his own wilful acts or negligence he is not entitled to recover. The general principle that a plaintiff cannot recover for damages caused by his own act, or to which he has contributed by his own negligence is well settled. These prayers, however, do not distinctly present this question. They are erroneous in denying all right of recovery, whereas, the ground of defence relied on can go no farther than to mitigate or diminish the damages to the extent they may have resulted from the negligence of the plaintiff; where

there is evidence of such negligence. In this case we think besides the objection to these prayers, just stated, there was really no evidence of any wilful act or contributory negligence on the part of the plaintiff, whereby the damage and loss was caused or increased.

The defendants' fifth prayer was also properly refused. There was evidence of extra labor and money expended by the plaintiff to prevent injury to the cattle. It was proved that the weather-boarding which had been removed from the old stable was nailed on again; and there was also evidence that the cattle required more food, and extra care when deprived of shelter, and also that having to buy food for them in less quantities, it cost more.

The defendants were not injured by the rejection of their *sixth* prayer, as by granting the ninth prayer, the jury were instructed that the proceedings in the injunction case were evidence only for the purpose of showing that the injunction was issued at the instance of Lange and that it had been dissolved and for no other purpose.

Finding no error in the rulings of the Circuit Court, the judgment will be affirmed with costs.

*Judgment affirmed with costs.*

(Decided 15th July, 1879.)