WILLIAM T. GOSSAGE vs. THE PHILADELPHIA, BALTIMORE AND WASHINGTON RAILROAD COMPANY.

*Measure of Damages for Destruction of a Vessel—Speculative Profits— Evidence—Opinion of Expert as to Value of Vessel—Admissions Against Interest—Assessed Value.*

In an action to recover damages for the destruction of plaintiff's vessel, which was caused by defendant's negligence, the measure of damages is the value of the boat at the time it was destroyed with interest from then to the date of trial.

In such action the plaintiff is not entitled to recover the profits he might have made from the use of the boat between the date of the accident and the date of the trial because such profits are speculative and contingent.

In an action to recover damages for the negligent destruction of plaintiff's boat, a witness who had been a waterman for twenty years, acquainted with the value of vessels and who had a special knowledge of plaintiff's boat is entitled to give his opinion as an expert concerning the value of the same.

In such action the defendant is entitled to show the sum for which plaintiff's boat was assessed for taxation, when it is followed by evidence showing that the plaintiff had appeared before the tax assessors and asked for a reduction in the amount of the assessment, stating that the assessment as made was more than the boat was worth, and that thereupon the same was reduced to the amount as it now stands. Such evidence is as to an admission by the defendant against his interest.

Appeal from the Circuit Court for Talbot County (MARTIN and BROWN, JJ.)

The cause was argued before MCSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Joseph B. Seth,* for the appellant.

*James C. Mullikin* and *William H. Adkins,* for the appellee.

PAGE, J., delivered the opinion of the Court.

The appellant's vessel was destroyed by a locomotive of the appellee falling upon it through an open draw. This suit was brought to recover damages therefor.

At the trial, it was admitted that the accident was caused by the negligence of the appellee's servants and employees, and that the company is liable for the loss of the boat, but it was contended it was not guilty of such negligence as should snbject it to a verdict for anything more than the actual loss of the appellant, and that the question to be submitted in this action is the "actual damages" to the appellant. To show this, the witness Todd was asked what the gross earnings of the vessel had been during July, August, September, October and November, 1903, and what the total amount of expense in running the vessel had been. The purpose of the appellant being, as was stated, to show what the boat could have earned between the date of accident and the date of trial. The refusal of the Court on the appellee's objection, to permit the question for the purpose stated constitutes the appellant's second exception. He contends that in estimating the damages he was eutitled to recover not only for the loss of the vessel but for the loss and injury to his established business. There had been evidence showing that he had chartered the vessel in 1899 and by the agreement was to receive forty per cent of the net profits. He now sought to show what the net profits had been for the four months preceding the accident, for the consideration of the jury in estimating his "actual damages." He relies, to support his contention, among other cases upon *Evans* v. *Murphy*, 87 Md. 503; *Shafer* v. *Wilson*, 44 Md. 280, in which it is held that a plaintiff may recover damages for the breaking up of his business. While this general rule has always been maintained in this State and elsewhere, in its application it has always been held that mcre conjectural or speculative damages, depending on future contingencies, cannot be recovered. *Shafer* v. *Wilson, snpra*; *Abbott* v. *Gatch*, 13 Md. 315. When the amount of the profits can be shown with reasonable certainty, such profits constitute to that extent a safe measure of damages. *Lawson* v. *Price*, 45 Md. 138. And it must also be shown with reasonable certainty that the injured party has been deprived of his profits as a legitimate result of the injury. *Lawson* v. *Price*, 45 Md. 123; *Lange* v. *Wagner*,

52 Md. 320; *Evans* v. *Murphy*, 87 Md. 503; *Central Trust Co.* v. *Arctic Machine*, 77 Md. 235. These principles were succinctly stated in the case of *Svea* v. *Packman*, 92 Md. 479, as follows: "In an action of tort, the loss of profits in a trade or business may be recovered if it be the direct result of the defendant's wrongful act, and is proved with sufficient cer- tainty."

The *narr.* shows the appellant's action to be a claim for the total loss of the vessel, "together with the usual profits and earnings from the said vessel." The proof shows that the only profits and earnings he was receiving at the time of the vessel's destruction were forty per cent of her net earnings. What these would amount to would depend upon many contingencies. It could not be ascertained with certainty, or even with probability, from past earnings of the boat. The future profits would depend upon the chances and hazards attending the navigation of a vessel of this character, the condition of the weather, the quantity of freight, the rates for transportation it could obtain, and upon many other matters, about which, no safe calculation could be made. In *Crabbs* v. *Koontz*, 69 Md. 50, the plaintiff claimed as damages for being deprived of a thresher, the loss of the future earnings of the machine, but it was held that the opinions of witnesses as to the future profits were "wanting in the element of certainty which the law requires as the basis for estimating damages." And the same view was held as to an ice machine. *Central Trust Co.* v. *Arctic Ice Machince Co.*, 77 Md. 235. Many such cases could be cited. Without discussing the subject further it may be said that in Maryland, it seems to be well setted that in cases like this, when there has been a total loss of the property, the true measure of damages is its value at the time it was destroyed with interest from then up to the date of the verdict. *Hopper* v. *Haines*, 71 Md. 76; *Heinekamp* v. *Beatty*, 74 Md. 388. See *The Umbria*, 166 U. S. 404. The Court committed no error in this exception. The testimony ruled out in the first excption was hearsay, and not the best evidence, and was therefore properly rejected. *Lewis* v. *Kramer*, 3 Md. 265.

There was no error in the rulings contained in the third, fourth, and fifth exceptions. Whether the witness would have recommended insurance on a cargo of wheat, or corn or grain to be carried by the vessel, were matters entirely irrelevant to anything in issue, so far as the record makes it appear. The evidence was *res inter alios acta* and therefore inadmissible.

By the sixth exception the defendant offered a witness who testified he was a waterman, knew the vessel, "Golden Gate" by association in business; he saw her at railways and also down the bay; he knows the value of boats, saw her when the "bends" were being put in her and had been on board of her. He was then asked as to the value of the vessel, whereupon the appellant objected to the question on the ground of the incompetency of the witness to state his opinion. The witness was offered as an expert, he had special knowledge of boats, had been a waterman for over twenty years and knew the value of boats, had a special knowledge of the Golden Gate. He had therefore a special experience and knowledge as to boats, not possessed by ordinary persons, and knew this particular boat. He was therefore competent to express his opinion as to its value. *Clark* v. *Baird*, 9 N. Y. 183–196; *Wharton on Ev.*, sec. 446, and authorities there cited.

In the case of the *Montana Ry. Co.* v. *Warren*, 137 U. S. Reps. 348–354, the Court lays down this rule: "After a witness has testified that he knows the property and its value he may be called upon to state its value. The means and extent of his information, and therefore the worth of his opinion, may be developed at length on cross-examination. And it is fully open to the adverse party, if not satisfied with the values thus given to call witnesses in the extent of whose knowledge and the weight of whose opinions it has confidence." The objection of the appellant was properly overruled.

The appellee then offered to prove the assessment value of the vessel as it appears upon the books of the County Commissioners. Upon objection being made by the appellant, the Court admitted the testimony on the assurance of the appellee

that he would follow it up by showing that the appellant had appeared before the commissioners and asked for a reduction of the assessment, stating that the amount of the assessment was more than the cost of the boat or more than it was worth, and also stated the amount he paid for the boat, and thereupon the assessment was reduced to the amount as it now stands.

This testimony was objected to by the appellant, but was admitted, and this constitutes the appellant's seventh exception. The testimony objected to was in substance an admission of the appellant. It amounted to a declaration as to the value of the boat. It was therefore admissible as tending to prove a fact adverse to the appellant's right to maintain the suit. *Kirk & Son* v. *Garrett*, 84 Md. 413.

There being no error the judgment must be affirmed.

*Judgment affirmed.*