### 4636. HICKS & SON *v.* MOZLEY &. COMPANY.

POTTLE, J. 1. Where, in a contract of lease, there is no stipulation relieving the lessee from payment of rent in the event a building on the rented premises is destroyed by fire, the lessee can not set off against the rent the value of a building which he voluntarily erected on the rented premises to take the place of one destroyed by fire. A transferee of the lease stands, as to this matter, upon the same footing as the original lessee. Civil Code, § 3711.

2. There being evidence that the original lease had been delivered to the defendants, and that at a previous trial of the case one of the defendants had testified that the lease had been destroyed, it was not erroneous to admit secondary evidence of the contents of the lease.

3. It was not prejudicial to admit testimony that the plaintiffs, who were the original lessees, had, after the execution of the lease, made improvements on the rented premises; this testimony being offered to explain why the defendants, who were the transferees of the lease, had agreed to pay the plaintiffs a sum in addition to the amount of rental stipulated in the lease. Nor was it prejudicial error to charge the jury upon this subject.

4. An assignment of error upon a charge as a whole, on the ground that it was argumentative and unduly stressed the contentions of one of the parties, presents no question for decision. The trial was free from prejudicial error, and the evidence authorized the verdict.

*Judgment affirmed.*

DECIDED MAY 6, 1913.

Appeal; from Cobb superior court—Judge Morris. December 14, 1912.

*Griffin & Johnson,* for plaintiffs in error.

*Mozley & Moss,* contra.