## SANDLIN *v.* WILDER.

ATKINSON, J. In an action of trover to recover the possession of described mules, the defendant filed a plea of recoupment, alleging, that the mules had been bought from the plaintiff under a general warranty, implied by law, that the property was merchantable and reasonably suited to the use intended; that one of the mules was affected with glanders (a deadly and contagious disease), a fact unknown to the defendant when the mules were carried to his place of business; that the disease was communicated to others of his mules, from which four of them died; and that before the existence of the disease was discovered, or discoverable by the exercise of ordinary care, the four mules died, entailing a loss upon the defendant in a stated amount. Other allegations were, that the defendant was engaged in the cross-tie business, and to prevent the spread of the disease he was required to quarantine all of his stock, which rendered it necessary to shut down his entire business; that in

feeding the mules while quarantined he incurred expenses of a stated amount, "and in order to keep his labor organized, and in shape to continue his business until the spread of said disease was stopped, it became and was necessary for him to maintain in his employ" designated employees, "to each of whom he paid his regular salary, and in so doing incurred an expense" of a stated amount. The defendant obtained a verdict against the plaintiff for damages, stated in a gross sum. The plaintiff made a motion for new trial, which was overruled, and he excepted. *Held:*

1. While, under the ruling in *Snowden* v. *Waterman & Co.*, 105 *Ga.* 384 (31 S. E. 110), the reasonable or necessary expense of treating the sick mules, maintaining them in quarantine, and the like were proper elements of damage, there was nothing in this case, as presented, to authorize a holding that the expense of keeping the defendant's labor organized was a direct and natural result of selling the diseased mules. Expenses of that character incurred by the defendant were not proper elements of damage against the plaintiff; and it was error to charge in effect that expenses incurred in such manner were recoverable.

2. The plaintiff in error relied strongly on the assignments of error based on the general grounds of the motion for new trial; but as the judgment will be reversed on account of error in the charge of the court, as indicated in the preceding note, and the case will be tried again, and the evidence may not on another trial be the same as shown by the present record, no ruling will be made on the question of the sufficiency of the evidence to support the verdict.

3. Other assignments of error will be treated as abandoned, the plaintiff in error having failed to refer to them in his brief.

*Judgment reversed. All the Justices concur.*
JULY 17, 1914.

Trover. Before Judge Parker. Clinch superior court. February 8, 1913.

*B. W. Cornelius, C. A. Stephens,* and *R. G. Dickerson,* for plaintiff. *E. K. Wilcox* and *W. T. Dickerson,* for defendant.