## CITY OF DUBLIN *v.* OGBURN.

ATKINSON, J. 1. The excerpt from the charge relating to the contentions of the parties furnishes no ground for a new trial.

2. Direct damages are such as follow immediately upon the act done. Consequential damages are such as are the necessary and connected effect of the tortious act, though to some extent depending upon other circumstances. Civil Code, § 4508.

3. "Damages which are the legal and natural result of the act done, though contingent to some extent, are not too remote to be recovered. But damages traceable to the act, but not its legal or natural consequence, are too remote and contingent." Civil Code, § 4510. "If, however, the tort is committed, or the contract broken, or the duty omitted, with the knowledge and for the purpose of depriving the party injured of such benefits as are specified in the last paragraph, then the remote damages are made, by such knowledge and intent, a proper subject for consideration by the jury." Civil Code, § 4511.

4. Applying these principles to the case at hand, where a municipal corporation operated an electric-light plant, furnishing power and lights to customers, and installing necessary appliances for that purpose, and where it placed a switch within a building so carelessly that a fire resulted and the building was destroyed, it was liable for property so destroyed.

(*a*) But in the absence of anything to indicate that such damage was in the contemplation of the parties, or that the duty so omitted was with the knowledge and for the purpose of depriving the party injured of such benefits, the cost of renting another building while the owner rebuilt that which was burned, and damage to the business of the owner by reason of being without a building for two months after the fire, was too remote to be recovered. See Sedg. Dam. 2d ed. 24; *Atlantic R. Co.* v. *Knapp*, 139 *Ga.* 422 (6), 428 (77 S. E. 568); *Sandlin* v. *Wilder*, 142 *Ga.* 131 (82 S. E. 440); *Gossage* v. Philadelphia &c. R. Co., 101 Md. 698 (61 Atl. 692).

(*b*) It was erroneous to admit evidence as to losses claimed to have re-

sulted from the causes last above mentioned, over the objection that the damages were too remote to be the basis of a recovery.

(c) It can not be said as a matter of law that the evidence so admitted did not affect the amount of the verdict, and the error can not be classified as harmless. On account of such error a new trial should have been granted.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

DECEMBER 17, 1914.

Action for damages. Before Judge Hawkins. Laurens superior court. October 1, 1913.

*W. C. Davis* and *Larsen & Larsen,* for plaintiff in error.

*M. H. Blackshear* and *J. S. Adams,* contra.