*J. A. Alexander, Franklin & Langdale,* contra.

---

### 16133. BELL HOUSE *v.* WILKINS *et al.*

STEPHENS, J. 1. A tenant's covenant to keep the rented premises in repair absolves the landlord from his statutory duty to make repairs.

2. A covenant to keep "the premises" in "repair" has reference to the condition of the premises as an entity, and not to the condition of any component part of the premises. It follows, therefore, that any upkeep, including, if necessary, an entire replacement of a component part of a building upon the rented premises—as, for instance, a furnace—which is necessary to a preservation of the premises in their entirety in the same condition as to tenantability as they were in at the time of the execution of the lease, is a repair. *Dougherty* v. *Taylor & Norton Co.,* 5 *Ga. App.* 773 (63 S. E. 928); *Meyers* v. *Myrrell,* 57 *Ga.* 516; Leominster Fuel Co. *v.* Scanlon, 243 Mass. 126 (137 N. E. 271, 24 A. L. R. 1459).

3. Where the rented premises consist of a dwelling house equipped with a furnace, which, during the term of the lease, has become so deteriorated and worn out and useless that its replacement with a new furnace is necessary, a replacement with a new furnace is a repair, not of the furnace, but of the rented premises. The tenant's covenant to keep "the premises" in "repair" absolves the landlord from any duty to replace the worn out and useless furnace with a new one.

4. In a suit by the landlord against the tenants to recover under the lease rent for a period of time after the tenants had, before the expiration of the lease, vacated the premises, it was error for the trial court to charge that the landlord's failure to replace the old furnace with a new one constituted a constructive eviction and justified the act of the tenants in vacating the premises, and that such act terminated the lease.

5. The jury having found against the plaintiff's right to recover rent for such period, the plaintiff's certiorari, on account of such error in the charge of the trial judge, should have been sustained. The judge of the superior court, therefore, erred in overruling the certiorari.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 1, 1925.

Certiorari; from Fulton superior court—Judge Humphries. November 14, 1924.

*T. B. Higdon,* for plaintiff.

*Fuller & Bell,* for defendants.