### 42637. ATLANTIC MUTUAL FIRE INSURANCE COMPANY v. CHADWICK.

PER CURIAM. 1. Where a policy of insurance is conditioned to pay for "direct loss to the property covered . . . by the following perils as defined and limited herein. 1'. Fire and lightning, excluding any loss resulting from any electrical injury or disturbance to electrical appliances, devices or wiring from artificial causes, unless fire ensues, and if fire does ensue, this company shall be liable only for its proportion of loss caused by such ensuing fire," and there is evidence that lightning struck the insured premises, killing two trees and burning off the valve head of a water pump under the house, with the result that water escaping from the pipes caused moisture to rise and buckle the wooden flooring, with additional mold and mildew damage, such damage was a direct loss by lightning within the meaning of the policy provisions. *Insurance Co. of N. A. v. Leader,* 121 Ga. 260 (1) (48 SE 972); *City of Dublin v. Ogburn,* 142 Ga. 840 (2, 4) (83 SE 939); *Sun Ins. Office v. Guest Camera Store,* 108 Ga. App. 339 (132 SE2d 851).

2. Moreover, Paragraph 2 of the petition, which alleges that the defendant is indebted to the plaintiff in the amount of $1,968.75, is specifically admitted in the answer. A party to a suit will not be allowed to disprove an admission in his pleadings without withdrawing it from the record. *Florida Yellow Pine Co. v. Flint River Naval Stores Co.,* 140 Ga. 321 (2) (78 SE 900). Although the defendant did, in answering Paragraph 5 which contained a reiteration of the allegation of the indebtedness and the amounts of each item thereof, deny all indebtedness, where the answer contains both an admission and a denial, the admission must control. *City of Moultrie v. Schofield's Sons Co.,* 6 Ga. App. 464, 468 (65 SE 315); *Ford v. Serenado Mfg. Co.,* 27 Ga. App. 535 (2) (109 SE 415); *King v. Loeb,* 93 Ga. App. 301, 305 (91 SE2d 532); *Williams Mfg. Co. v. Warner Sugar Ref. Co.,* 125 Ga. 408, 411 (54 SE 95).

For both these reasons there was no error in denying the defendant's motions for summary judgment, new trial, and judgment notwithstanding the verdict.

*Judgment affirmed. Jordan, P. J., Deen and Quillian, JJ., concur.*

ARGUED MARCH 8, 1967—DECIDED JUNE 9, 1967.

*Long, Weinberg & Ansley, Gregg Loomis,* for appellant.
*Merritt & Pruitt, Robert P. Burgess,* for appellee.