45279. WEISS v. MOODY, Next Friend.

PANNELL, Judge. Thomas Allen Moody, a minor, by next friend, brought a complaint against John Weiss trading as Jack Weiss

Motors. The material allegations of the complaint were in paragraphs 4, 5, and 6 thereof, which read as follows: "4. Plaintiff shows that on July 25, 1969, one John Bodine was a salesman, employee and agent of defendant, acting on the instructions and under the direction of defendant. 5. On July 25, 1969, John Bodine as agent for Jack Weiss Motors sold to plaintiff's minor son Thomas Allen Moody, aged 16 years, a minor, one 1957 Chevrolet automobile, 2-door hardtop, Serial No. UC57A177918, License No. 1-66698, automobile and entered into a contract with said minor, Thomas Allen Moody. Defendants received from Thomas Allen Moody the sum of two hundred ninety-three dollars and fifty-five cents. 6. On July 25, 1969, plaintiff Charlie Moody as next friend and guardian of plaintiff's minor son Thomas Allen Moody, rescinded the voidable contract orally with the defendant's East Point manager and demanded the return of the above stated sum paid by said minor and proffered the said automobile back to defendant's manager, but the manager refused to discuss the matter. Within the next 24 hours plaintiff made another attempt to return the automobile and received a refund of the minor's money." As to paragraph 4 the defendant admitted that John Bodine was employed by him as a salesman at the time in question, but denied that Bodine was acting under his direction during the transaction complained of. As to paragraph 5, defendant's answer was as follows: "Defendant has no knowledge of the allegations contained in this paragraph other than what he has been told by the plaintiff herein." Paragraph 6 was similarly answered. The case was heard before the trial judge without the intervention of a jury and after hearing evidence, which among other things disclosed that the contract on its face purported to be one between the plaintiff and the defendant, with the salesman, John Bodine, signing for the defendant, although the defendant's evidence showed that the automobile was the property of the salesman and the defendant received no money from the payment made to the salesman and that the salesman was permitted to sell his personal vehicle with the express understanding between the defendant and the salesman that the sale would not be made in the name of the defendant, and defendant's name would be stricken from the contract form, but that the salesman violated these instruc-

tions. The trial judge rendered judgment in favor of the plaintiff for the sum sued for.

The defendant appealed, his enumeration of error being that the trial court "erred in finding that the sale was made by 'Jack Weiss Motors,' rather than a personal sale from John Bodine to Thomas Allen Moody." *Held:*

1. It does not appear from the record that the trial court made any such finding as that upon which error is enumerated or that any such finding was necessarily made in rendering judgment in favor of the plaintiff; this for the reason that even though the sale be a personal sale from John Bodine, the defendant salesman, to the complainant, the defendant might still have been liable under the provisions of *Code* § 37-113 that "when one of two innocent persons must suffer by the act of a third person, he who put it in the power of the third person to inflict injury shall bear the loss." The evidence was sufficient to authorize a judgment for the plaintiff under this theory.

2. However, even if the trial judge had made the finding complained of in the sole enumeration of error, such finding was authorized under the evidence and the pleadings. "A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If he is without knowledge or information sufficient to form a belief as to the truth of an averment, *he shall so state* and this has the effect of a denial." Section 8 (b) of the Georgia Civil Practice Act (Ga. L. 1966, pp. 609, 619; *Code Ann.* § 81A-108). (Emphasis supplied.) "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, *are admitted when not denied* in the responsive pleading." Section 8 (d) of the Georgia Civil Practice Act (Ga. L. 1966, pp. 609, 619; *Code Ann.* § 81A-108). (Emphasis supplied.) The defendant did not deny the allegations in paragraphs 5 and 6, nor did he, as required by the statute, state that he was without knowledge or information sufficient to form a belief as to the truth of the averments and, even if he had so alleged, it would have been insufficient, as this principle of denial "does not apply if the fact as to which want of knowledge is asserted is to the knowledge of the court so plainly and necessarily within the defendant's knowledge that his averment of ignorance must be palpably untrue." Ice Plant

Equipment Co. v. Martocello, 43 FSupp. 281 (5 FR Serv. 8b.15, case 3); Porto Transport v. Consolidated Diesel Elec. Corp., 20 FRD 1 (23 FR Serv. 11.1, case 1). In view of these *admissions* made by the defendant's pleadings, the trial judge would have been authorized to have made the finding of which complaint is made.

*Judgment affirmed. Jordan, P. J., and Eberhardt, J., concur.*

ARGUED APRIL 8, 1970—DECIDED APRIL 20, 1970.

*Murray C. Underwood, J. Sidney Lanier,* for appelllant.
*Virginia A. Bips,* for appellee.