45871. MICA-TOP FIXTURE COMPANY, INC.
v. FRANK G. SHATTUCK COMPANY et al.

BELL, Chief Judge. 1. In this action on open account against five corporate defendants, four filed motions to dismiss on the ground that the complaint "states no cause of action against" them. Each motion was supported by an affidavit of a corporate official. All the affidavits were limited to the statement that each defendant has "had no dealings whatsoever with plaintiff and is not indebted to the plaintiff for the sum sued for or in any sum whatsoever." None of these affidavits are shown to have been made upon the personal knowledge of the affiant. At the same time the four defendants each answered and denied the material part of the complaint and added further that "it has had no dealings whatsoever with plaintiff and is not indebted to the plaintiff for the sum sued for or in any sum whatsoever." The motions to dismiss were granted.

The motions in this case are actually motions to dismiss for failure to state a claim upon which relief can be granted under § 12 (b) (6) of the Civil Practice Act *(Code Ann.* § 81A-112 (b) (6)). As matter outside the pleadings was presented to and not excluded by the court in the disposition of the motions they must be treated as motions for summary judgment. *Code Ann.* § 81A-112 (c). On motion for summary judgment "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Ga. L. 1966, pp.

609, 660 (*Code Ann.* § 81A-156 (e)). The burden of proof is on the movant to establish his entitlement to summary judgment by proper affidavits and other permitted evidence, and until the movant has removed by competent evidence all issues of material fact, no burden is upon the respondent to rebut the movant's case. *Childs v. Lee,* 224 Ga. 609, 610 (163 SE2d 726). The affidavits here do not recite or show affirmatively that the statements were made on personal knowledge of the affiants and they may not be considered for that reason alone. *Chandler v. Gately,* 119 Ga. App. 513 (167 SE2d 697). Further, the matter contained in each affidavit is a repetition of a part of the defensive pleadings in each case. Bare legal conclusions in affidavits are insufficient to show either the absence of any material issue of fact or to create an issue of fact on motion for summary judgment. *Resolute Ins. Co. v. Norbo Trading Corp.,* 118 Ga. App. 737 (165 SE2d 441); *Short & Paulk Supply Co. v. Dykes,* 120 Ga. App. 639 (171 SE2d 782). Whether there have or have not been previous dealings with plaintiff and any debt owing to it is the ultimate issue to be determined in this suit and these averments in the affidavits are nothing more than legal conclusions unsupported by any facts. The orders granting the motions for summary judgment as to these four defendants were erroneous.

2. The fifth defendant, the Empire State Chair Company, Inc., was alleged to be a Georgia corporation upon whom service could be made at a given address in Atlanta, its principal office. The return of service reflects that the complaint and summons was served upon "Mrs. Williams, its Agt." at the office and place of doing business in Atlanta. This defendant filed a motion to dismiss for lack of personal jurisdiction. An affidavit signed by the president was attached. This affidavit stated only that "it is a corporation incorporated under the laws of the State of New York and does no business in Georgia." Concurrently with filing this motion to dismiss, this defendant filed an answer which contained the following: "(1) For want of suffi cient information this defendant can neither admit nor deny the allegations" that it was a Georgia corporation. The motion to dismiss was granted. The Supreme Court has held that a pleading by a defendant that it is without knowledge or infor-

mation sufficient to form the belief as to the truth of the allegations cannot be considered as a denial of the allegation where the matter is of necessity within the knowledge of the defendant and therefore will be considered as an admission. *J. D. Jewell, Inc. v. Hancock,* 226 Ga. 480 (175 SE2d 847). Whether or not this defendant is a Georgia corporation is a matter that is plainly within its own knowledge. This evasive and palpably untrue pleading is therefore to be treated as an admission that it is a Georgia corporation. See *Weiss v. Moody,* 121 Ga. App. 682 (175 SE2d 82). Although the motion to dismiss for lack of jurisdiction was properly made in accordance with § 12 (b) of the Civil Practice Act, the admission in the answer must prevail over the denial stated in the motion to dismiss. *Ford v. Serenado Mfg. Co.,* 27 Ga. App. 535 (2) (109 SE 415); *Atlantic Mut. Fire Ins. Co. v. Chadwick,* 115 Ga. App. 850 (156 SE2d 182).

*Judgments reversed. Pannell and Deen, JJ., concur.*
ARGUED JANUARY 5, 1971—DECIDED JUNE 4, 1971—
REHEARING DENIED JUNE 22, 1971.

*Dan Mitchell, Thomas H. Antonion,* for appellant.
*Haas, Holland, Freeman, Levison & Gibert, Theodore G. Frankel,* for appellees.