## 55872. SEWELL v. ROYAL et al.

McMURRAY, Judge.
In 1961 Mrs. Mamie Jule LeGreve leased certain real property in Dougherty County, together with the improvements thereon, to M-F-M Truck & Tractor Company, a corporation, for a period of 20 years, based upon definite rental payments. An L-shaped building was located on this property. In 1968 the above lessee assigned said lease to A. R. Royal. Royal then subleased this property (including additional property he had leased from another) to Tommy C. Morrison. Whereupon Morrison assigned this sublease as well as certain other leases to Ray Sewell. The possession of the premises thus passed from M-F-M to Royal to Morrison to Sewell.

The building has since been improved and modified so as to contain multiple rental units with separate subtenants occupying each unit. Thereafter, a fire damaged the northern portion of the building which was repaired by the subtenants except for the roof which was

repaired by the property owner.

In February 1977 the entire southern portion of the L-shaped building was rendered untenantable by fire. The property owners (now heirs of original lessor) carried a general casualty insurance policy but only in an amount sufficient to pay the cost of repairing the roof. They offered to repair the roof provided either Royal or Sewell would repair the damaged building. Both refused to do so, contending it was the owner's responsibility because under the original lease the portion damaged by the fire was rendered wholly untenantable.

Royal is now deceased and his executor, as plaintiff, has brought a complaint in equity for specific performance of the lease and assignments; a declaration of rights as to the legal interests of the parties to the property therein described as to the liability and responsibility of the parties for the payment of ad valorem taxes, rental payments, and the restoration of the portion of the premises destroyed by fire, as against the owners and Sewell as defendants. He also sought judgment against Sewell for past due rent.

Based upon the admission of genuineness of documents attached to the pleadings, the above facts set out, and certain other facts, all of which were specifically stipulated by the parties, all parties have moved for summary judgment. The trial court, after a hearing, ordered and adjudged as follows:

1. It was not the lessor's responsibility to repair the fire damage done to the leased premises as the whole property was not destroyed to the extent of being rendered untenantable.

2. As between lessees Sewell and Royal, Sewell is responsible for repairing the premises as damaged by fire except for the roof.

3. The property owners have the responsibility to repair the roof as soon as Sewell has repaired the remainder of the building so that the roof may be repaired.

4. There is no abatement of rent as a result of the fire, and the funds paid into court by Sewell with reference to rent are ordered paid to Royal.

5. A judgment for past due rent not paid into court (as shown in the order) was awarded to Royal against

Sewell.

No ruling was made on the ad valorem taxes as the court stated no evidence was submitted with reference to same, and no decision was made as to when Sewell was to make the repairs which were held not to be the responsibility of Royal or the property owners.

Defendant Sewell appeals. *Held:*.

1. The lease specifically stated that the building was accepted as being in good condition and repair and the lessor was not to make any further repairs during the term of the lease, "except to keep the roof in repair, lessee assuming all responsibility and liability otherwise for the upkeep of the building and premises. . ." It is true that the lease also states that in the event the building is destroyed by fire the lessor agrees "to erect a building of equal value," and if the lessee or sublessee removes or alters the present building on said property it is agreed that a building of equal value will be placed upon said property at the expense of the lessee or sublessee." Clearly, the above language of the lease specifically imposed the obligation to repair the damage done by the fire, except for the roof, upon the lessees. In addition, a clause in the lease states: "Lessor shall not be responsible for the loss of or damage to property . . ." The evidence here clearly shows and was not disputed that the entire building was not destroyed by fire, that is, it was not rendered totally useless for the purpose intended, inasmuch as only the "southern portion of the L. building was rendered untenantable by fire" (from the court's order containing the agreed stipulation of facts). Generally the term "to repair" means to mend, to restore to a sound state that which has been partially destroyed, and to make good an existing thing, not to make a new thing such as erecting a new building to take the place of one destroyed. See *Mayer & Crine v. Morehead,* 106 Ga. 434, 436 (32 SE 349); *Dougherty v. Taylor & Norton Co.,* 5 Ga. App. 773, 775 (63 SE 928); *Williams v. Bernath,* 61 Ga. App. 350, 352 (6 SE2d 184); *Bell House v. Wilkins,* 34 Ga. App. 285 (2, 3) (129 SE 797). The cardinal rule of construction of contracts, including leases, is to ascertain the intention of the parties. *Dorsey v. Clements,* 202 Ga. 820, 821 (44 SE2d 783). Further, it is well established that any statutory

requirement as to the landlord-tenant relationship (see Code § 61-111) is not applicable or controlling in a case where the landlord and the tenant have expressly contracted as to this obligation with reference to repairs. *Browning v. F. E. Fortenberry & Sons, Inc.,* 131 Ga. App. 498, 500 (4) (206 SE2d 101). The trial court did not err in ruling that it was not the lessor's responsibility to repair the fire damage done to the leased premises, except for the roof, since the entire building was not destroyed.

2. The destruction of the leased premises not caused by the landlord or from a defect of his title, "shall not abate the rent contracted to be paid." See Code § 61-113. As held above in Division 1, the landlord has not failed to perform some duty owed the tenant amounting to a constructive eviction so as to relieve the tenant from the payment of rent. A constructive eviction has not occurred as was the case in *Clark v. Sapp,* 47 Ga. App. 91 (169 SE 692). Compare *Fleming & Bowles v. King,* 100 Ga. 449 (3) (28 SE 239); *Hicks & Son v. Mozley & Co.,* 12 Ga. App. 661 (78 SE 133). The trial court did not err in ordering the funds paid into court by Sewell to be paid to Royal and in granting judgment for the rental for the months found to be due which had not been paid into court.

3. The remaining enumeration complaining that the trial court erred in failing to rule on Sewell's counterclaim for damages and lost income and in failing to grant judgment thereon in favor of Sewell is not meritorious inasmuch as the construction of the contract and the evidence demanded a finding in favor of Royal.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

Submitted June 7, 1978 — Decided September 6, 1978.

*Hayes & Hammack, John H. Hayes,* for appellant.

*Twitty & Twitty, Frank S. Twitty, Jr., Watson, Spence, Lowe & Chambless, G. Stuart Watson,* for appellees.