## 63715. SEWELL v. ROYAL.

SOGNIER, Judge.

This is the second appearance of this case in this court; the facts are set forth in detail in our first opinion, *Sewell v. Royal,* 147 Ga. App. 88 (248 SE2d 165) (1978). In 1973 A. R. Royal subleased certain real property to Tommy C. Morrison who assigned the sublease to appellant Sewell. Royal had possession of the property under two leases, one entered into by Royal with the owner, Dixie Holman, and the second acquired in 1968 by Royal by assignment from M-F-M Truck and Tractor Company which had leased the property from the owner, Mamie Jule LeGreve. The sublease assigned to Sewell incorporated by reference the terms and conditions of the underlying LeGreve and Holman leases, which included provisions in the LeGreve lease for attorney fees in an unspecified percent and in the Holman lease for 8% interest per annum and 15% attorney fees.

In the earlier suit, the court ruled, inter alia, that Sewell was liable to Royal for rent without abatement due to fire damage done to the leased property. Rental funds paid into court by Sewell were ordered paid to Royal and past due rent for December 1977 and January 1978, not paid into court, was also awarded Royal against Sewell with interest at the legal rate from date of judgment.

In the instant action, Royal's executor, appellee, brought suit against Sewell for, inter alia, rental payments accrued during the appeal of the earlier suit, interest thereon, and attorney fees. Royal also sought an adjudication on certain leasehold taxes and a requirement that Sewell repair the premises within a given time or, alternatively, that Royal be compensated by money damages. The trial court granted summary judgment in favor of Royal for rent in the amount of $16,800 accrued during the appeal from February 1978 through September 1978 together with interest thereon at the rate of 7% under the LeGreve lease and 8% under the Holman lease. Attorney fees were ordered at 10%, as reasonable attorney fees, under the LeGreve lease, and 15% pursuant to terms of the Holman lease. Sewell was also ordered to pay $245 interest on the earlier judgment for rental due for December 1977 and January 1978. The trial court held that the ad valorem taxes assessed on the leasehold estate should be apportioned between Royal and Sewell according to their respective interests in the property and reserved the question of fire damages until proof of damages was introduced.

1. Appellant Sewell contends the trial court erred in granting summary judgment to appellee, asserting that genuine issues of material fact remain for a jury. Royal filed an affidavit and

supplemental affidavit in support of his motion for summary judgment but these pertained only to Sewell's alleged failure to repair the premises and did not address the questions of failure to pay rent or the amount due. No other affidavits were filed by either party.

The trial court in the earlier suit found that rental payments under the sublease between Sewell and Royal were in the amount of $2100 per month. Royal alleged that Sewell's rental liability from February 1978 through September 1978 was $16,800; Sewell's answer admitted "that $16,000 was owed monthly rental from February 1978 through September 1978 . . ." We affirm summary judgment for $16,800 past due rental. By failing to deny specifically the additional $800 alleged by Royal as due, the response in Sewell's answer constituted an admission of the allegation as to the full amount of indebtedness. "Averments in a pleading to which a responsive pleading is required . . . are admitted when not denied in the responsive pleading." Code Ann. § 81A-108 (d); *Weiss v. Moody,* 121 Ga. App. 682, 684 (2) (175 SE2d 82) (1970); *Skipper v. Collins,* 139 Ga. App. 826 (229 SE2d 790) (1976); *Gray v. Finance America Corp.,* 145 Ga. App. 253 (1) (243 SE2d 671) (1978). Even if Sewell's response was considered a denial, the full sum of indebtedness is ascertainable by computing the $2100 monthly rate for an eight-month period, which was admitted as the length of time over which rent was due. There being no genuine issue of material fact concerning the amount of past due rental, summary judgment on that question was properly granted. *Consolidated Pecan Sales Co. v. Savannah Bank &c. Co.,* 122 Ga. App. 536, 539 (4) (177 SE2d 808) (1970).

2. On the question of interest and attorney fees on the past due rental for February 1978 through September 1978, the trial court did not make findings, nor did Royal file an affidavit or submit other evidence to show a proration of rental between the properties contained in the two leases (LeGreve and Holman) underlying Sewell's sublease with Royal. Prorationing is necessary to the calculation of interest and attorney fees since the terms and provisions of the original leases which govern the sublease differ as to provision for both interest and attorney fees. From the record, we find only the provision in the sublease agreement that rent is to be reduced by $500 in the event that the option to purchase the Holman property is exercised. However, this provision is to apply only in the event of exercise of the option and we do not consider it conclusive on the factual question as to how the rent is to be prorated. Failing a supporting affidavit or other evidence that would allow computation of interest and attorney fees, an issue of material fact remains. *Moore v. Wachovia Mtg. Co.,* 138 Ga. App. 646 (1) (226 SE2d 812) (1976). In summary judgment the benefit of all reasonable doubts must be given

the party opposing the motion in determining whether a genuine issue of fact exists. *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (1) (126 SE2d 442) (1962); *Gray v. American Bank,* 122 Ga. App. 442 (1) (177 SE2d 207) (1970); *Pritchard v. Neal,* 139 Ga. App. 512 (1) (229 SE2d 18) (1976). There remaining a genuine issue of material fact as to prorationing of the rental, we must reverse the trial court's order as to the interest and attorney fees on the rental due for the period February 1978 through September 1978.

3. Since Royal in his earlier suit obtained a judgment against Sewell for both past due rent for December 1977 and January 1978 and interest, the judgment should be enforced by issuance of an execution rather than by a new action. For this reason, the trial court's order for payment of $245 interest on the December 1977 and January 1978 rental, which was the subject of the earlier judgment, was inappropriate. See Code Ann. § 39-101 et seq.; 18 EGL 262, Judgments and Decrees, § 281; 11A EGL 146, Executions, § 2 et seq.; 49 CJS 1071, Judgments, § 585 et seq.

*Judgment affirmed in part and reversed in part. Pope, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED JULY 14, 1982.

*Timothy A. McCreary,* for appellant.
*W. Robert Lane, Frank S. Twitty,* for appellee.