## REUBEN *vs.* THE STATE OF GEORGIA.

A man went to a house where two women lived alone, and demanded his supper; some remark was made about the rude way in which he asked for it, and the women ran off in different directions; he followed one of them in the darkness, threw her down and pulled up her clothes; she resisted, scratching his face very badly, so that he desisted:

*Held*, that on a trial for an assault with intent to rape, the facts supported a verdict of guilty.

October 10, 1882.

JACKSON, Chief Justice.

## WRIGHT *et al. vs.* AMMONS *et al.*

1. The grant of a new trial by the presiding judge, on the ground that "he did not think in this case that plaintiffs have been fairly dealt with," is too vague to be satisfactory.
2. There being no error on the part of the court in the trial of this case made apparent in the record, and the evidence requiring the verdict which was found, the court erred in granting a new trial.
3. The return of commissioners laying out dower in behalf of a widow from certain land, is not admissible as tending to show title in the estate of her deceased husband, as against persons who were neither parties nor privies to such assignment.

December 30, 1882.

SPEER, Justice.

## WILLIAMS *et al.*, executors, *vs.* BLACK *et al.*

Where a bill showed on its face that all of the substantial parties resided out of the county where it was filed; that the cause of action on which the bill was predicated had long since been barred by the statute of limitations, and that the entire trouble arose from *laches* of complainants, it was properly dismissed on demurrer.

October 3, 1882.

JACKSON, Chief Justice.