SMITH *vs.* COKER *et al.*

[Blandford, J., not presiding.]

1. There was no party defendant in Sumter county, where this suit was brought, against whom substantial relief was prayed; and on this ground, the court properly dismissed the bill.
2. Besides, the bill was wanting in equity, especially on the score of diligence in the complainant. Such *laches* equity does not favor. Judgment affirmed.

October 2, 1881. (Head-notes by the court.)

JACKSON, Chief Justice.

[S. W Smith filed his bill in Sumter superior court, on January 3, 1881, against F. M. Coker, of Fulton county, John R. Worrill, of Sumter county, and J. W. Mize, sheriff of the latter county, alleging, in brief, as follows: In 1862, Worrill gave to one Parker a mortgage for purchase money, covering the land now in controversy, and subsequently this was transferred to Coker. Coker afterwards filed a bill against Worrill and his wife to foreclose this mortgage, and this resulted in a consent decree, under which Coker claims title to the land. He then brought ejectment against the complainant and obtained a judgment for the land and mesne profits. The sheriff placed Coker in possession of the land, and levied on a mule, which he was proceeding to sell. Complainant is the real owner of the land, having received a deed from Worrill in 1872, who held under a regular chain of title from the state. Complainant was in possession for ten years under this deed. He admits that ordinarily he would be concluded by the judgment in the ejectment case, but says that he is not so concluded in this case, because, since the judgment, he has learned that Barney Parker, to whom Worrill gave the mortgage, never owned the land in controversy, but it was inserted in the deed from Parker to Worrill by mistake of the draughtsman, and the land in dispute was, in fact, bought by Worrill from another

source. Also complainant has learned that Coker colluded with Worrill and paid him a considerable sum of money to obtain the consent decree and abandon the place. Had the equity cause taken its ordinary course, complainant would have had a perfect prescriptive title before its trial. Complainant did not know of the mortgage from Worrill to Parker when he bought, but was informed that he was obtaining an unincumbered title. When possession of the land was taken from him, there was a growing crop upon it, and complainant was injured by its loss. The prayer was that the judgment in 'ejectment be set aside, that Coker be required to account for the value of the crop; that the sale of the mule be enjoined, and for subpœna.

Defendant demurred to the bill for want of jurisdiction in Sumter county, and because there was no equity in it. Worrill died, and no administration was had upon his estate, nor was any representation of it had in the further progress of the litigation. The demurrer was sustained and the bill dismissed, and complainant excepted.]