## PRYOR *v.* BRADY.

When the petition in an action of trover embraces three paragraphs, each of which is in substance a separate count, for the recovery of personalty therein described, and two of these counts are bad and one good in law, a general demurrer relating to the entire petition affords no ground for striking either one of the defective counts. These can be reached only by an appropriate special demurrer, directly attacking such counts, and pointing out their defects.

Submitted May 1, — Decided July 18, 1902.

Trover.   Before Judge Crisp.   City court of Americus.   November 15, 1901.

*Lane & Maynard,* for plaintiff.
*H. B. Simmons, J. H. Lumpkin,* and *J. A. Hixon,* for defendant.

LITTLE, J.   Pryor instituted an action of trover against Brady, in the city court of Americus.   He alleged in his petition, that, during the year 1900, Brady rented from him certain land situated in Lee county; that in September of that year, Brady having failed to pay the stipulated rent, petitioner sued out a distress warrant and had same levied for the purpose of recovering such rent; that afterwards, in October of that year, petitioner and Brady came to an agreement under which the distress warrant was settled. Among other things it was stipulated that Brady should turn over and deliver to petitioner all of the crops which had been grown on the land during the year 1900; that the same should be gathered, harvested, and sold by petitioner, and the proceeds applied to the liquidation of the amount which Brady was due petitioner; and, in the event such proceeds were greater in amount than was sufficient to pay off such indebtedness, that the balance should be turned over to Brady.   Acting under this agreement, petitioner employed Brady for stipulated wages to assist him in gathering the crop.   It is alleged that, under this agreement, title to the crops so made was vested in petitioner for the purpose indicated.   It is further alleged that petitioner paid defendant the amount agreed on for his services in aiding to harvest the crop, but that, contrary to the agreement, Brady secretly and fraudulently carried away from said place, and from the possession of petitioner, and without his knowledge or consent, two bales of cotton which were grown in 1900 on said land, which in the petition are described

by definite marks, and alleged to have been of the value of $100, and worth $1 per month as hire. It is further alleged that demand for this cotton was duly made and refused. In another paragraph it was alleged that in October, 1900, petitioner gave to the defendant three twenty-dollar bills of United States money, for the purpose of using twenty-five dollars of the same to pay the expenses of harvesting the crop on petitioner's place, and the remaining thirty-five dollars was to be paid to one Hancock for ginning cotton, and paying off hands for picking the cotton. Petitioner alleged that Brady converted the money to his own use, and did not pay the sum of thirty-five dollars to Hancock. It is also alleged that, when Brady entered on the land under his contract of rent, petitioner furnished him a large quantity of cottonseed to be used by Brady in planting his crop, as a fertilizer for the same; that Brady agreed to return to petitioner, at the end of the year, the same number of bushels of cottonseed that petitioner had furnished him, but he secretly and fraudulently converted the cottonseed to his own use, by sale or otherwise, to the injury of petitioner; and that Brady did not return to petitioner at the end of the year the number of bushels of cottonseed which he had been furnished. The defendant demurred to the petition on several grounds: first, because no cause of action was set out; second, because under the petition the action of trover was not a proper remedy; third, because, if liable at all, the defendant was only so in an action of debt; fourth, because there was no sufficient allegation that the title to the property was in the plaintiff at the time of the institution of the suit, nor that the same had been converted by the defendant; fifth, because there was no identification of the property sought to be recovered in paragraph 8 of the petition, and that the allegations made therein showed that the plaintiff was seeking to recover in an action of trover for a simple indebtedness from defendant to plaintiff. The petition was amended in certain respects not here necessary to be set out. The trial judge sustained the demurrer, and dismissed the petition; and thereupon the plaintiff excepted.

This demurrer, when properly construed, must be taken as a general demurrer to the whole petition, and a special demurrer to paragraph 8. An examination of the petition shows that the part of the petition which relates to the two bales of cotton was good in

substance as an action of trover to recover the cotton. In such an action it was only incumbent on petitioner to prove his title, the value of the property, its conversion by the defendant, and the demand and refusal before the institution of the suit. In reference to title the petitioner set out the terms of an agreement which vested in him title of the cotton for which he sued. It is true that, under the allegations, the proceeds were to be devoted by the petitioner to a particular purpose, but in order to accomplish that purpose title to the cotton was vested. The conversion is distinctly alleged, as is also the demand and refusal to deliver. So far, then, as the petition seeks to recover the two bales of cotton, it was good, and was not subject to be dismissed on any of the grounds of the demurrer. There being one good count in the petition, a general demurrer to it as a whole should have been overruled. The seventh paragraph seeks to recover "three twenty-dollar bills of United States money." The allegations in reference to the conversion are, that Brady was to use twenty-five dollars "of said sum" to pay the expenses of harvesting the crop, and the remaining thirty-five dollars was by said Brady to be paid to one Hancock for ginning, "and said money was so intrusted to said Brady for the purpose of paying off hands for picking cotton," and that Brady "did fraudulently and wrongfully convert said money to his own use," and did not pay the sum of thirty-five dollars to Hancock, but as to the twenty-five dollars "petitioner is not advised whether the said money was used as directed or not." Under these allegations the plaintiff was not entitled to recover these three particular twenty-dollar bills. The count is entirely defective, has no place in an action of trover, and under no circumstances could be anything except a demand against Brady in an action for money had and received to the extent of thirty-five dollars. The demurrer, being general, could not reach the defects in this paragraph. Had the defendant desired to have it stricken he should have filed a special demurrer pointing out its defects, but it was erroneous to dismiss this count of the petition on a general demurrer. Paragraph 8 is also defective, and the allegations made in relation to the cottonseed amount to no more than that Brady was indebted to petitioner in the sum of $120, being the value of 600 bushels of cottonseed. There was, however, a special demurrer to this count, on the ground that there was no identification of the property sought

to be recovered, and that the allegations show that the plaintiff is seeking to recover in an°action of trover for a simple indebtedness to plaintiff by defendant. This was a good demurrer to that paragraph, and it was properly stricken by the trial judge. Inasmuch, however, as the first count in the petition in relation to the cotton was good, and there was no special demurrer to the 7th paragraph in relation to the three twenty-dollar bills, the court erred in sustaining the general demurrer and dismissing the petition as a whole.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*