### 45659. WESTERN CONTRACTING CORPORATION v. STATE HIGHWAY DEPARTMENT.

PANNELL, Judge. Appellant brought a complaint against the State Highway Department of Georgia seeking recovery of $501,176.31 for breach of contract in that the State Highway Department had failed to obtain an option from owners of certain borrow-pit materials as required by the contract, and also seeking recovery of $137,929.65 due complainant under the contract which complainant had completed and performed. By amendment plaintiff converted the original complaint into Count 1 of a nine-count complaint, the other nine counts seeking recovery

of the sum of $501,176.31 on various theories, with the exception of Count 9, which dealt solely with the retainage claiming a total of $142,929.65 and seeking to recover attorney's fees on account of bad faith as to the refusal to pay therefrom the sum of $137,929.65. By stipulation of the parties, which was made a part of the pleadings by the stipulation, it was shown that the $137,929.65 had been paid to and received by the complainant since the filing of the complaint, which stipulation resulted in the striking of Count 9 of the complaint seeking attorney's fees, and certain other paragraphs in other counts so that the figures sued for are reduced to $5,000 for the retainage withheld by the State Highway Department. Counts 6 and 8 were dismissed by the complainant. After the amendment the State Highway Department filed its motion to dismiss, renewing its previous motion to dismiss and further moved to dismiss for failure to state a claim on several grounds, and the trial court sustained three grounds of the motion, all of which attacked the complaint for failure to state a claim, one generally and two for specific reasons. The trial court entered the following order: "2. Grounds Nos. 1, 3 and 4 of defendant's motion to dismiss, as amended, are hereby sustained as to the following portions of plaintiff's complaint as amended, to wit: (a) Paragraphs Nos. 6, 7, 8, 9, 10, 11, 12, 13, 15 except that portion relating to the sum of $142,929.65, plus interest, as being withheld by the defendant, 16, and the prayer except that portion relating to the said sum of $142,929.65, plus interest, as being withheld by the defendant, of count One of plaintiff's petition, as amended (same being the original petition); and (b) All of Counts Nos. 2, 3, 4, 5, and 7 of plaintiff's complaint, as amended; and said portions of Count One of plaintiff's petition, as amended, and all of Counts Nos. 2, 3, 4, 5, and 7 of plaintiff's complaint, as amended, are hereby dismissed. 3. Grounds Nos. 1, 3 and 4 of defendant's motion to dismiss, as amended, are sustained as to the remaining portion of Count One of plaintiff's complaint, as amended (the original petition), that is, as to paragraphs Nos. 1, 2, 3, 4, 5, 14, the portion of 15 as it relates to the sum of $142,929.65, plus interest, as being withheld by the defendant, 17 and 18, and the portion of the prayer

as it relates to the sum of $142,929.65, plus interest, as being withheld by the defendant, upon the condition that the defendant, within twenty (20) days from the date of this order, legally tender to the plaintiff, the sum of five thousand ($5,000) dollars, without interest, same being the remaining balance of the sum of $142,929.65 originally withheld by the defendant, in full satisfaction of all of plaintiff's rights, claims and demands in this litigation, and, in the event the plaintiff fails, neglects or refuses to accept such tender, as made, that the defendant, within thirty days from the date of this order, deposit into the registry of this court said sum of five thousand ($5,000) dollars, without interest, with written instructions to the clerk of this court to pay over and deliver said sum unto the plaintiff upon its legally signing and executing and leaving with the clerk of this court for delivery unto the defendant, a written receipt and release, releasing all of its rights, claims and demands as against the defendant in this litigation. If the defendant complies with the provisions of this paragraph No. 3 of this order and makes the tender and/or deposit as provided herein, then and in that event Grounds Nos. 1, 3 and 4 of defendant's motion to dismiss, as amended, are sustained, and plaintiff's complaint, as amended, in its entirety, is hereby dismissed at plaintiff's costs. However, if the defendant fails, refuses or neglects to make the tender and/or deposit as required by this paragraph of this order, then and in that event, said Grounds Nos. 1, 3 and 4 of defendant's motion to dismiss, as amended, as applied to paragraphs Nos. 1, 2, 3, 4, 5, 14, the portion of 15 as it relates to the sum of $142,929.65, plus interest, as being withheld by the defendant, 17 and 18, and the portion of the prayer that relates to said sum of $142,929.65, plus interest, as being withheld, only, of Count One of plaintiff's complaint, as amended (same being the original petition) are each overruled." The contractor appealed. *Held:*

1. The motion to dismiss under Section 12 (b) (6) of the Civil Practice Act as amended (Ga. L. 1966, pp. 609, 622; *Code Ann.* § 81A-112) performs substantially the same function as the old common law general demurrer. McConville v. District of Columbia, 26 FSupp. 295. It follows, therefore, that (a) the mo-

tions to dismiss the complaint composed of several counts, where one of the counts (Count 1 as to the claim for $5,000) sets forth a claim, should have been overruled (*Hay v. Collins,* 118 Ga. 243 (2) (44 SE 1002); *Pryor v. Brady,* 115 Ga. 848 (42 SE 223)), and the trial court erred in sustaining them, and (b) the trial court also erred in striking certain paragraphs of the counts on such motions, it not appearing that the trial court was, on his own motion, striking "redundant, immaterial, impertinent, or scandalous matter" under Section 12(f).

2. The trial court further erred in the provisions of its order relating to the tender and deposit of the $5,000 which was, under the pleadings, in dispute; and this is true even if the trial judge had been correct in striking certain counts and striking certain paragraphs in other counts, as he had no authority to coerce settlement of the remainder of complainant's claims by such an order.

3. Nothing herein said shall be construed as holding or making any ruling on the merits as to the sufficiency of any count, or part of any count, or of any paragraph or part of any paragraph, or as to that portion of Count 1 not relating to the claim for $5,000.

*Judgment reversed. Jordan, P. J., and Eberhardt, J., concur.*

ARGUED SEPTEMBER 14, 1970—DECIDED FEBRUARY 16, 1971.

*Alston, Miller & Gaines, Henry J. Miller, Ronald L. Reid,* for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, Assistant Attorney General, Marshall R. Sims, Robert E. Sherrell, Charles C. Stebbins, Deputy Assistant Attorneys General,* for appellee.