## 47853. WILLIAMSON v. PERRET'S FARMS, INC.
### et al.

PANNELL, Judge. Gaston B. Williamson brought an action in tort in the Superior Court of Cobb County against Perret's Farms, Inc., Gibson Discount Stores, Inc., and others, alleging (in Par. 2 (b)): "The defendant Perret's Farms, Inc. is a resident of 6705 Dunn Avenue, Jacksonville, Florida, transacts business in this state, but maintains no agent for service of process in this State, and may be served by second original at 6705 Dunn Avenue, Jacksonville, Florida in accordance with Ga. Code 24-113.1 and 24-115, and is consequently subject to the jurisdiction of this court" and (in Par. 3) "[o]n or about February 2, 1972, the plaintiff Gaston B. Williamson did enter the Gibson Discount Store in Vidalia, Georgia and while in that store did approach the milk cooler owned by defendant Perret's Farms, Inc. and maintained by the defendants Perret's Farms, Inc. and Gibson Discount Stores, Inc., and while engaged in an attempt to obtain milk from the cooler was severely, permanently and painfully injured by the explosion of a floursecent light bulb attached to the interior of the milk cooler." Negligent maintenance and use of the cooler was alleged as the cause of plaintiff's injuries. Summons was issued against all the defendants. In an affidavit of service, entitled in the cause, M. J. Pope, under oath, made a return of service reciting "That he is a regularly appointed, qualified and acting Deputy Sheriff of the County of Duval, in the State of Florida, over the age of twenty-one years, not a party to nor in any way interested in the above entitled action and competent to be a witness therein; that he personally served the *Summons & Complaint upon George Sheffield, Office Manager, Perret's Farms, Inc.* by delivering to and leaving with the said *George*

*Sheffield, Office Manager* personally at *3:00 p. m., April 28, 1972,* at *6705 Dunn Ave., Jacksonville, Florida,* the said *Summons & Complaint* that he knew the said *George Sheffield, Office Manager* to be the same person mentioned as he admitted *his* identity." (The italicized matter indicates blank spaces lettered in on a printed form.)

After an extension of time for filing defenses, Perret's Farms, Inc., along with its answer, filed a paper entitled "Motion to Dismiss and motion to quash return of service on Perret's Farms, Inc." containing the following grounds:

"(1) That Perret's Farms, Inc. is not subject to the jurisdiction of this Court as provided by law.

(2) That service has not been properly perfected upon Perret's Farms, Inc. as provided by law.

(3) That the venue as to this defendant, Perret's Farms, Inc., is improper in that the plaintiff has not complied with *Georgia Code Annotated,* Section 24-116 and has not brought this action in the county wherein this defendant conducts any business whatsoever, or wherein the alleged act or omissions on behalf of this defendant occurred, or wherein this defendant owns any real property situated within the State of Georgia.

(4) That Gibson's of Vidalia, Inc., and Gibson Discount Stores, Inc. are two separate and distinct legal entities and therefore jurisdiction may not be obtained over this Defendant, Perret's Farms, Inc., pursuant to the provisions of *Georgia Code Annotated,* Section 2-4904.

(5) That the plaintiff's complaint fails to state a claim for which relief can be granted against Perret's Farms, Inc., and therefore should be dismissed."

Attached to the motion was an affidavit of Donald E. Perret, which recited that he was President of Perret's Farms, Inc., and that the facts set out therein were made on his personal knowledge. The affidavit then stated "The defendant, Perret's Farms, Inc., does not

conduct any business whatsoever or own, use or possess any real property situated in Cobb County, Georgia." The motion and supporting affidavit were duly served on plaintiff-appellant on the same date it was filed. The motion was set down for hearing on July 20, 1972, but was continued. The motion was again set down to be heard on September 28, 1972 but was continued until October 5, 1972 by motion of the plaintiff's present counsel who made his appearance in the case on September 25, 1972, other counsel having withdrawn from the case. On September 25, 1972, plaintiff served defendant Perret's Farms, Inc. with interrogatories relating to its activities and business if any done within this state. The order continuing the hearing on the motion from September 28th to October 5th provided and ordered that Perret's Farms, Inc. have 30 days from the date the motions are heard in which to answer the interrogatories and that there would be no further continuance except for cause.

At the hearing on October 5th, the court considered the affidavit of Donald E. Perret and announced that it was treating the motion as a motion for summary judgment, instead of a motion to dismiss. Whereupon, the plaintiff objected to the hearing proceeding and made a motion for a continuance on the grounds that he had not had 30 days notice as provided by Section 56 (c) of the Civil Practice Act (Code Ann. § 81A-156 (c)). Plaintiff also objected to the hearing proceeding without first requiring Perret's Farms, Inc. to answer the interrogatories previously propounded and served. The trial judge overruled both motions and sustained "the motion to dismiss and motion to quash return of service on Perret's Farms, Inc., considered as a motion for summary judgment, and 'sustained' the defendant Perret's Farms, Inc.'s motion for summary judgment and 'dismissed' Perret's Farms, Inc. as a defendant in the above styled case with all costs upon the plaintiff."

The plaintiff appealed enumerating the following errors: "(a) In granting the Motion to Dismiss of defendant Perret's Farms, Inc. (b) In treating the Motion to Dismiss of defendant Perret's Farms, Inc. as a motion for summary judgment. (c) In denying the motion of plaintiff, Gaston B. Williamson, for a continuance when it became apparent that the Trial Court would treat the Motion to Dismiss of defendant Perret's Farms, Inc. as a motion for summary judgment. (d) In failing to grant plaintiff, Gaston B. Williamson, a thirty day period in which to respond to the affidavits in support of Motion to Dismiss of defendant Perret's Farms, Inc. (e) In denying the objection of plaintiff, Gaston B. Williamson, to the hearing proceeding as a motion for summary judgment without first requiring the defendant, Perret's Farms, Inc. to answer interrogatories previously propounded and served by plaintiff. (f) In considering the affidavit of Donald E. Perret, agent for Perret's Farms, Inc. in support of the Motion to Dismiss of Perret's Farms, Inc., since said affidavit contains nothing but conclusions by affidavit without any evidentiary facts to support same."

1. The affidavit of the President of Perret's Farms, Inc., that Perret's Farms, Inc., "does not conduct any business whatsoever or own, use or possess any real property situated in Cobb County, Georgia." In using the present tense "does," necessarily refers to the time the affidavit was made, May 29, 1972, and is, therefore, totally useless as evidence on the essential issues raised by the motion. And since the defendant corporation has denied it is a resident of the State of Florida and has also denied that it "does not have an agent in the State of Georgia on whom service may be perfected" there are no *admitted* material facts shown by the pleadings. This leaves us with a case absolutely devoid of any evidence or proof upon which the trial court could have based his sustaining of the various

"speaking" grounds of the motion. It appears, therefore, that, irrespective of the error in considering the grounds 1, 2, 3 and 4 as having been converted to a motion for summary judgment because of consideration of the affidavit (see *Knight v. U. S. F. & G. Co.,* 123 Ga. App. 833, 834 (182 SE2d 693); *Hemphill v. Con/Chem, Inc.,* 128 Ga. App. 590; *Boyd Motors, Inc. v. Radcliff,* 128 Ga. App. 15 (195 SE2d 291); Section 12 (b) of the Civil Practice Act (Code Ann. § 81A-112 (b); 2A Moore's Fed. Practice, p. 2297), and assuming, without deciding, that the consideration of said affidavit by the court as to ground 5 of the motion (failure to state a claim) would convert the hearing, as to that ground, into a hearing on motion for summary judgment, since neither the complaint on its face nor the evidence adduced showed any right in the defendant to a summary judgment on ground 5, the trial court erred in sustaining this ground of the motion.

2. A motion to dismiss under Section 12 (b) (6) of the Civil Practice Act (Code Ann. § 81A-112) for failure to state a claim for which relief may be granted does not raise questions of venue, or process, or service thereof, as such motion goes solely to the merits. This is the reason that the consideration of evidence on such a motion converts it into a motion for summary judgment, as a summary judgment goes to the merits, and why summary judgment is not a proper procedure to raise questions of venue, process or service as these questions do not go to the merits. While a motion to dismiss for failure to state a claim performs substantially the same functions as the former general demurrer (*Western Contracting Corp. v. State Highway Dept.,* 123 Ga. App. 331 (1) (181 SE2d 89)) it does so only as to merits of claim and raises no question of absence of venue appearing on the face of the complaint formerly raised by demurrer. As to former practice see:

*Williams v. Black,* 69 Ga. 770; *Smith v. Coker,* 74 Ga. 390; *Toland v. Camp,* 138 Ga. 334 (75 SE 138). Questions of venue may be reached by a motion to dismiss for failure of venue as to a defendant appearing on the face of the pleadings. See *Martin v. Approved Bancredit Corp.,* 224 Ga. 550 (163 SE2d 885) where the record shows the motion was made on such ground but was called a plea to the jurisdiction in the opinion. This, therefore, seems to be a ruling that Section 7 (c) of the Civil Practice Act (Code Ann. § 81A-107 (c)) that "demurrers, pleas and exceptions for insufficiency of a pleading shall not be used" does not prevent an attack on the pleading by motion pointing out the alleged insufficiency of venue in the pleading. A motion to dismiss, like any other motion, must "state with particularity the grounds therefor." Section 7 (b) (1) of the Civil Practice Act (Code Ann. § 81A-107 (b) (1)) but where the motion to dismiss for lack of venue is based upon facts dehors the pleading, the motion becomes a "speaking" motion and proof must be presented on the hearing as to the facts alleged. See discussion as to Rule 12 (b) of the Federal Rules of Practice and Procedure in 2A Moore's Federal Practice, p. 2287 et seq. If evidence had been adduced on grounds 3 and 4 of the motion relating to venue, which demanded a finding of improper venue, we would affirm as was done in *Lamex, Inc. v. Sterling Extruder Corp.,* 109 Ga. App. 92 (135 SE2d 445). In the absence of any evidence, this we cannot do on evidentiary grounds.

3. In the present case, however, as a part of ground 3 of the motion (relating to venue) it is asserted there is no venue under what is called our Long Arm Statute (Ga. L. 1966, p. 343, as amended by Ga. L. 1968, p. 1419, and Ga. L. 1970, p. 443; Code Ann. § 24-113.1 through § 24-118) because the action was not brought in the county "wherein the alleged act or omissions on behalf

of this defendant occurred." Section 4 of the Long Arm Statute as amended (Code Ann. § 24-116) provides that venue in cases arising hereunder "shall lie in any county wherein the business was transacted, the act or omission occurred, or the real property is located" out of which the cause of action arose. Accordingly, we may, as to the "alleged act or omissions" charged to this defendant in the complaint construe this portion of the motion as saying the complaint shows on its face that the "act or omissions" charged do not support venue in Cobb County against this defendant, Perret's Farms, Inc. The act charged and the omission charged is owning and maintaining a defective milk cooler, and since the complaint alleges venue solely under the Long Arm Statute, and alleges the "act of omissions" as well as injury took place in Vidalia, Georgia, in Toombs County, this might, if it were not for the ruling following in Division 4, have authorized a dismissal of the complaint for failure to allege venue dependent upon the "acts or omissions" under the rulings in the following cases construing the Long Arm Statute. See *Castleberry v. Gold Agency, Inc.,* 124 Ga. App. 694, 696 (185 SE2d 557); *J. C. Penney Co. v. Malouf Co.,* 125 Ga. App. 832, 838 (189 SE2d 453); *Coe & Payne Co. v. Wood-Mosaic Corp.,* 125 Ga. App. 845, 857 (189 SE2d 459).

4. If Gibson Discount Stores is a resident of Cobb County, or has an agent therein upon whom service of process may be made, and Perret's Farms, Inc. has an office or place of doing business or an agent in this state upon whom service may be had, then a venue may be had as to Perret's Farms, Inc. outside of the Long Arm Statute. Code § 3-204: *Morris v. George,* 3 Ga. App. 413 (59 SE 1116); *Hays v. Jones,* 81 Ga. App. 597 (59 SE2d 404); *Jones v. Chandler,* 88 Ga. App. 103 (76 SE2d 237); *Benton Rapid Express, Inc. v. Johnson,* 202 Ga. 579 (43 SE2d 667). The interrogatories propounded by plaintiff

to Perret's Farms, Inc. sought answers as to the scope of activities of Perret's Farms, Inc. in this state and it was error to dismiss the petition for failure to allege venue without answers to such interrogatories designed in part to meet the attacks made. See in this connection Fraley v. Chesapeake & Ohio R. Co., 397 F2d 1, 12 FR Serv. 2d, 12 B. 22, Case 1. If the interrogatories should produce such evidence, then the plaintiff may amend his complaint accordingly, and serve the defendant Perret's Farms, Inc. in accordance with the method required. We, therefore, leave open the question of sufficiency of service and the return thereof.

*Judgment reversed. Eberhardt, P. J., and Stolz, J., concur.*
ARGUED FEBRUARY 13, 1973 — DECIDED APRIL 3, 1973.

*Peek, Whaley & Haldi, Glenville Haldi, R. Joseph Costanzo, Jr.,* for appellant.

*Henning, Chambers & Mabry, Walter B. McClelland,* for appellees.

*Judgment reversed. Eberhardt, P. J., and Stolz, J., concur.*
ARGUED FEBRUARY 13, 1973 — DECIDED APRIL 3, 1973.

