## 49015. BROWNING v. F. E. FORTENBERRY & SONS, INC.

CLARK, Judge.

This appeal is by a tenant from judgment obtained by his landlord against him in dispossessory proceedings in the State Court of DeKalb County. The adverse judgment included an order for removal from the premises, award of accrued rentals which tenant had paid into the court registry, and dismissal with prejudice of claims for damages made in an answer and counterclaim filed by defendant tenant.

The litigation resulted from a disagreement as to which party had the obligation to maintain and repair an air-conditioning system in the premises rented for a coin-operated laundry under a written lease dated April 13, 1964. When tenant withheld his rent for the months of July and August 1973 the landlord filed a dispossessory warrant proceeding in accordance with the provisions of Code Ann. Ch. 61-3. By his answer tenant presented as defenses the following: (1) the dispossessory warrant was void because allegedly not issued pursuant to Code Ann. § 61-301 et seq.; (2) the Clerk of the State Court of DeKalb County lacked authority to administer the oath or to issue the warrant; (3) plaintiff breached the lease agreement in failing to provide air conditioning "during the warm weather season"; and (4) this "constituted a partial failure of consideration justifying a diminution of the contract rent" so that no rent was owed. Defendant's counterclaim for monetary damages was based upon his

contention that landlord had failed to fulfill its responsibility for the air conditioning system.

Motions for judgment on the pleadings and to dismiss defendant's counterclaims for failure to state a claim were filed by plaintiff. Accompanying these motions were the affidavit of the president of the landlord corporation stating the delinquent rental amounts and attaching a copy of the written lease agreement with an averment that there was no other rental agreement between the parties either written or oral. Defendant was thereupon ordered to show cause why plaintiff's motions should not be granted. Furthermore, the court ordered that since the right of possession of the premises in question could not be determined within one month from the date of plaintiff's original affidavit, defendant should pay the amount of accrued rentals into the registry of the court as well as future payments when they became due. These accrued rentals were paid as ordered. Subsequently, on October 5, 1973, plaintiff obtained a further order requiring defendant to pay his October rent into the registry of the court as it had become due and had not been paid or risk the dismissal of his answer and counterclaims. Responding thereto defendant paid the amount required and filed a pleading which was captioned "Motion for Supplemental Pleading." Therein he contended that he was entitled to damages on the basis of malicious abuse of process being shown by plaintiff having obtained the orders requiring defendant to pay accrued rents into the registry of the court. Thereafter, defendant filed interrogatories and a motion to dismiss plaintiff's action for failure to state a claim upon which relief may be granted.

After a hearing on all motions made by both parties, judgment for plaintiff was entered which stated "this Court finds that plaintiff was under no contractual or other obligation to make repairs to the air conditioning system installed by plaintiff in the leased premises." (R. 31).The court order also sustained plaintiff's motions for judgment on the pleadings and for dismissal of the counterclaims with prejudice. This appeal followed.

1. Appellant argues that the summons was void ab initio because it failed to state a day certain on which

defendant was required to appear. The summons provided:"The defendant is required to appear before the court seven (7) days from the date of the service of this summons at 9:30 A.M." (T. 6). This complied with the statutory requirement contained in Code Ann. § 61-302 (b) that "The summons . . . shall command and require the tenant to appear at a hearing on a day certain not less than five nor more than 20 days from the date of actual service."

2. Defendant next asserts that the dispossessory warrant was also void ab initio in that it was issued by the deputy clerk of the State Court of DeKalb County and therefore did not comply with the mandate of Code Ann. § 61-302 (a) that a "judge of the superior court or justice of the peace . . . shall grant and issue a summons . . ." In support of his assertion defendant relies on *Brown v. Cobb Federal Savings &c. Assn.,* 116 Ga. App. 766 (158 SE2d 925) wherein this court ruled that, strictly construing the laws governing dispossessory proceedings, "The deputy clerk of the Civil and Criminal Court of Cobb County had no authority under the Act creating that court to administer the oaths or to issue the warrants in these proceedings . . . Hence the proceedings were void ab initio." The Cobb County decision has no application to the case at bar because the clerk and deputy clerks of the State Court of DeKalb County have been granted the "power to perform all purely ministerial duties which, under the laws of this State, are performable by a justice of the peace." Ga. L. 1953, p. 3295.

3. The assertion of improper venue was not made at the time required by Code Ann. § 81A-112 (b) and therefore must be deemed to have been waived. Code Ann. § 81A-112 (h 1).

4. The foundation for defendant's counterclaim rests on his contention that the court erred in finding that there was no duty on the part of the landlord to make repairs to the air conditioning system in the leased premises. In doing so defendant relies upon that portion of Code § 61-11 which states that "The landlord must keep the premises in repair. . ." Such statutory requirements are not applicable here because the landlord and tenant expressly contracted as to their

respective obligations with reference to repairs. The pertinent provisions are contained in paragraphs 9 and 10 of the written lease agreement. Paragraph 9 stated the landlord was responsible for "the roof, exterior walls, (exclusive of all glass, including plate glass), heating, water, sewer, electrical and sprinkler systems (if any), but not fixtures pertaining to such systems." Paragraph 10 provided that the tenant "accepts the leased premises in their present condition and . . . shall, at his own expense, keep and maintain the said premises and appurtenances and every part thereof, in good order, and repair except portions or premises to be repaired by Lessor under terms of Paragraph 9." Thus the parties by their own written instrument agreed upon the respective obligations of repair. "A tenant's covenant to keep the rented premises in repair absolves the landlord from his statutory duty to make repairs." *Bell House v. Wilkins,* 34 Ga. App. 285 (129 SE 797). Since there was no obligation placed upon landlord for making repairs to the air conditioning system the responsibility was placed upon the tenant under the provisions of paragraph 10 of their lease agreement.

As the counterclaim rested solely upon the contention that the landlord had the duty to repair the air conditioning system when this obligation was contractually placed upon the tenant the trial court was correct in dismissing the counterclaim.

5. Appellant contends that the lower court erred in granting a judgment for plaintiff because the interrogatories which had been propounded by defendant had not yet been answered. Appellant's contention is based upon *Williamson v. Perret's Farms, Inc.,* 128 Ga. App. 687 (197 SE2d 754). In that case we ruled it was error for the lower court to treat a motion to dismiss as a summary judgment motion when pertinent interrogatories had not been answered. There, however, the record disclosed that the party opposing the motion objected to the hearing unless the movant was first required to answer the interrogatories. Sub judice, the record is silent as to whether defendant made any such objection. The burden is on the appellant to perfect the record necessary for a review of the alleged errors; where

he fails in this respect, he risks the affirmance of the judgment complained of. *Ayers Enterprises Ltd. v. Adams,* 131 Ga. App. 12. Since defendant has not carried this burden, and has not shown that he raised his objection in the court below, it cannot now be raised on appeal. Objections not raised in the lower court cannot be considered on appeal. *Mustang Transp. v. W. W. Lowe & Sons,* 123 Ga. App. 350, 351 (1a) (181 SE2d 85).

6. Appellant's assertion that the trial court erred in directing that the accrued rentals in the court's registry be paid to the landlord plaintiff has no merit. Code Ann. § 61-304 states the procedure providing payment of rentals into the court's registry where the issue of right of possession cannot finally be determined within one month from the date of the dispossessory affidavit. Subparagraph (d) thereof states that "That part of the fund which is a matter of controversy in the litigation shall remain in the registry of the court until a final determination of the issues." Then "If, on the trial of the case, judgment is against the tenant, judgment shall be entered against the tenant for all rents due and for any other claim relating to the dispute." Code Ann. § 61-305 (a).

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED FEBRUARY 4, 1974 — DECIDED MARCH 13, 1974 — REHEARING DENIED MARCH 29, 1974 — ▮▮▮▮▮▮▮

Wayne F. Browning, Jr., *pro se.*
Swertfeger, Scott, Pike & Simmons, Joseph Szczecko, for appellee.