## 51408. BARKWELL et al. v. HELMS.

MARSHALL, Judge.

This appeal by defendants below is from a verdict and judgment of $7,000 for plaintiff Helms found and entered at a bench trial. Plaintiff sued on the alleged breach of an agreement by which he was to build a home for defendants. Plaintiff alleged he agreed to build the house for cost plus ten percent but thought he could build the house for about $18,000. Defendants answered that there was an express oral contract to build the house for $18,000, including the ten percent profit. No sufficient records were kept of expenses during the building of the house. Upon completion, both plaintiff and defendants expressed great surprise that the total cost of the house was approximately $41,000. Defendants refused to pay plaintiff any more than the $22,000 already paid, insisting on an express oral contract of $18,000. Plaintiff sued for the remaining $18,500 alleged to be still due on the house. The completed house was valued at between $34,000—$37,000. Defendants denied a quantum meruit theory of recovery was possible in view of the express contract, whereas plaintiff argued that the court could look either to the terms of the agreement or allow recovery upon quantum meruit. The verdict of $7,000 plus a lien of that amount upon the real estate, while well within the figure demanded by appellant or within his out-of-pocket expenses, does not closely correspond to any figure established by the evidence. *Held:*

CPA § 52 (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171 (Code Ann. § 81A-152)) required the trial court to "find the facts specially and state separately its conclusions of law thereon and judgment shall be entered pursuant to section 81A-158 . . ." Such action is mandatory and not discretionary. *Doyal Development Co. v. Blair,* 234 Ga. 261 (215 SE2d 471).

In this case the trial court rendered an immediate and oral verdict. The findings of the court did not define what the court determined as much as state the confusion involved in the established facts. Specific findings of fact were not entered in sufficient clarity to enable this court to understand the basis of the trial court's decision. As

manifested by their appellate briefs, neither counsel for the two litigants clearly understood whether the trial court rendered verdict and judgment upon a contract or upon quantum meruit or upon a contract with quantum meruit for extras outside the scope of the contract. This court likewise is unable to understand the trial court's conclusions of law, inasmuch as none was separately entered.

Since there was a failure adequately to make the requisite findings, this appeal must be remanded with direction that the trial court vacate the judgment and that he prepare, or cause to be prepared, appropriate findings of fact and conclusions of law, and enter a new judgment thereon. Thereafter, the losing party shall be free to enter another appeal if desired. 5A Moore's Federal Practice 2718, § 52.06 [2]. *Booker v. J. T. Bickers Realty Co.,* 127 Ga. App. 614 (194 SE2d 490).

*Appeal remanded with direction. Bell, C. J., and Webb, J., concur.*

---

Submitted November 3, 1975 — Decided January 16, 1976.

*Tate & Kreeger, Dennis R. Williams, Berl T. Tate,* for appellants.

*William E. Otwell,* for appellee.