## 54102. HILL v. HILL.

BELL, Chief Judge.

This is an appeal from a judgment granting a writ of possession. Plaintiff made an affidavit on March 2, 1977 for writ of possession for certain premises. Summons was issued and served on defendant on the same day requiring him to appear and answer on March 9, 1977. Defendant did appear on this date. After hearing evidence the court made findings of fact, conclusions of law, and entered a judgment granting the writ of possession. *Held:*

1. Defendant contends that the summons was not issued in conformity with the statute, and as a consequence it nullifies the judgment. The record fails to show that objection was made by defendant as to any deficiency in the process. This constitutes a waiver of the defects. CPA §§ 12 (b) and (h)(1) and 81A-112 (b) and (h)(1). *Matthews v. Fayette County,* 233 Ga. 220, 221 (210 SE2d 758). The provisions of Code § 61-102 have no application here. This statute in part prohibits the waiver of rights, duties, or remedies granted by Code Ch. 61-3 in any contract. There was no contract here which contained a waiver of the requirements of Code § 61-302 (b) concerning the issuance of the summons.

2. It is also contended that the court erred in hearing the case and entering judgment on March 9, 1977, as defendant was in "default" and had an additional seven days as a matter of right in which to open the "default" as provided by Code § 61-303. Defendant was not in default. He appeared at the hearing. The fact that he did not, as found by the court, answer orally or in writing when he appeared does not constitute a default within the meaning of the statute.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

SUBMITTED JUNE 27, 1977 — DECIDED SEPTEMBER 7, 1977 — REHEARING DENIED OCTOBER 18, 1977 —

*Alexander, Vann & Lilly, Thomas K. Vann, Jr.,* for appellant.

*Johnson & Morse, T. Jack Morse,* for appellee.

*Kenneth G. Levin, Steven Gottlieb, Elisabeth Youngerman,* amicus curiae.