54850. SCROGGINS et al. v. HARPER.

BELL, Chief Judge.

This is a suit to recover a deficiency balance due on a promissory note following the foreclosure of a security deed and the confirmation of the sale. The defendant answered asserting several defenses and three counterclaims. Approximately nine months later on September 11, 1976, defendants amended their answer and added a "Fourth Counterclaim" alleging that

plaintiff by fraud induced defendants to enter into the "within transaction" and asserting a specified act of misrepresentation and praying for actual and punitive damages. No leave of court allowing the filing of this counterclaim appears in the record. The case came on for trial on August 22, 1977. After selection of a jury plaintiff moved under CPA § 12 (h) (2) (Code Ann. § 81A-112 (h) (2)) to strike the amended pleading alleging fraud as a defense and as a counterclaim on the ground that it did not state a claim upon which relief could be granted. The court granted the motion and then later granted plaintiff's motion for directed verdict. *Held:*

1. Initially and for the first time on appeal, the plaintiff argues an additional ground for upholding the trial court's ruling in striking the fraud allegation. The argument is made that the counterclaim for fraud was a compulsory one as it arose out of the same transaction as the main claim and under CPA § 13 (f) (Code Ann. § 81A-113 (f)), leave of court would have to be obtained before filing the amendment. No leave of court was obtained. Any objection to the counterclaim on this ground was waived by the failure to raise the issue at the trial level.

2. It is clear that the trial court struck this pleading for defendant's failure to plead fraud with particularity, as required by CPA § 9 (b) (Code Ann. § 81A-109 (b)). In *Cochran v. McCollum,* 233 Ga. 104 (210 SE2d 13) it was held where there is a failure to plead fraud with particularity that the correct remedy is not a motion to dismiss or strike but a motion for more definite statement under CPA § 12 (e) (Code Ann. § 81A-112 (e)). *Cochran* applies and it was error to strike defendant's amended pleading alleging fraud as a defense and as a counterclaim.

*Judgment reversed. McMurray and Smith, JJ., concur.*

SUBMITTED OCTOBER 31, 1977 — DECIDED JANUARY 18, 1978.

*Scott Walters, Jr.,* for appellants.
*Young, Young, Ellerbee & Clyatt, Robert M. Clyatt,* for appellee.