55523, 55524, 55525. KING v. ELLIS (three cases).

BELL, Chief Judge.

These appeals are from three judgments entered against the defendant tenant in a dispossessory warrant proceeding concerning the same premises. *Held:*

1. (a) The defendant contends that the summons issued in this case failed to state the last possible date to answer and the last possible date that he could reopen any default as a matter of right as required by Code §§ 61-302 (b) and 61-303; and that this defect in the process renders the entire proceeding nugatory and void. The summons in this case contains language virtually identical to that contained in the above statutes which states in pertinent part that: ". . . you are hereby notified to be in the State Court of Dougherty County, . . . within seven (7) days after the service hereof, to answer in writing, or to answer orally at said time, . . . *If you do not answer within seven (7) days or open the default within seven (7) days thereafter, a writ of possession will be issued against you.* If the day for answering or opening the default falls on Saturday, Sunday, or a legal holiday, such time continues through the next working day of the Court." The date of actual service as stated on the summons was September 19, 1977. Therefore, a person capable of counting was informed on the summons of the last possible date to answer, viz., seven days after the date of service, or September 26, 1977. By the same token, the summons informed defendant that he could open any default within seven days after the last possible date to answer. Thus the summons satisfied the requirement of Code Ann. §§ 61-302 (b) and 61-303 (a).

(b) But even if the summons had failed to conform to the statute, defendant waived any defects in the process because he first objected to this matter in his motion to dismiss, made *after* he had filed his answer. CPA § 12 (b) (4) and 12 (h) (1) (Code Ann. §§ 81A-112 (b) (4) and

81A-112 (h) (1)); *Matthews v. Fayette County,* 233 Ga. 220 (210 SE2d 758); *Hill v. Hill,* 143 Ga. App. 549 (239 SE2d 154), reversed on other grounds, *Hill v. Hill,* 241 Ga. 218.

2. The affidavit in this case stated: ". . . that said tenant fails to pay rent now due on said building and premises (is holding said building and premises over and beyond the term for which the same were rented or leased); . . ." An affidavit seeking a dispossessory warrant must allege at least one of its grounds positively, and it is defective if it alleges more than one ground in the alternative or if it joins the grounds with the ambiguous expression "and/or." *Brinson v. Ingram,* 120 Ga. App. 271 (170 SE2d 39). This affidavit alleges two grounds without using the conjunctive or disjunctive. It was therefore not defective.

3. Two of the appealable orders in these cases were entered on October 21, 1977, and October 24, 1977, respectively. On October 25, 1977, the trial judge who signed these orders was disqualified from hearing any cases in which a party was represented by defendant's counsel. On November 11, 1977, the third order involved in these appeals was entered and it was also signed by the disqualified judge. While the first two orders were entered prior to the announced disqualification of this trial judge, the fact of disqualification relates back and renders all of the orders or judicial acts taken by him void and nugatory. *Garland v. State,* 110 Ga. App. 756 (140 SE2d 46). This holding, however, does not void this judge's administration of the oath to the affidavit which commenced this suit, or his issuance of the summons as it appears that defendant was not represented by this particular attorney at the time of these judicial acts.

*Judgments reversed. Shulman and Birdsong, JJ., concur.*

ARGUED FEBRUARY 28, 1978 — DECIDED APRIL 19, 1978 — REHEARING DENIED JUNE 9, 1978.

*James N. Finkelstein, Michael B. Krzys,* for appellant.

*King, Phipps & Associates, Herbert E. Phipps,* for appellee.