## 58117. WHITE v. JOHNSON.

CARLEY, Judge.

Appellant, landlord of appellee, sought the issuance of a distress warrant pursuant to Ga. L. 1975, p. 1514 (Code Ann. § 61-401 et seq.). Pursuant to Code Ann. § 61-402, appellant made an affidavit in the State Court of DeKalb County utilizing the form provided by that court stating that appellee was indebted to appellant in a specified sum "as rent." The jurat, as printed on said form, was as follows: "Sworn to and subscribed before me, this ————, 19—. ———— CLERK, STATE COURT OF DEKALB COUNTY." This portion of the form was completed with the date and with a signature admitted by the parties to be that of a deputy clerk of the State Court of DeKalb County. On the basis of this affidavit, a summons—printed on the same form with the affidavit and containing the necessary statutory language—bore teste in the name of Honorable J. Oscar Mitchell, Chief Judge of said court, and over a line containing the printed words "CLERK, STATE COURT OF DEKALB COUNTY" was signed by the same deputy clerk who executed the jurat on the affidavit.

After service upon appellee as provided by law appellee filed an answer denying all allegations contained in the affidavit and summons and setting forth

as his second defense that "[t]he allegations set forth in Plaintiff's Summons and Affidavit for Distress Warrant fail to state a claim against this Defendant upon which relief may be granted." In addition, appellee interposed a counterclaim alleging that appellant "wrongfully, fraudulently, and surreptitiously" converted to appellant's use and benefit certain goods and chattels located at the leased premises. The counterclaim further averred that the personalty so converted had a fair market value of $5,000 and that the reasonable hire thereof was $10 per day. The counterclaim demands were for the fair market value of the personalty, hire computed through the date of judgment and punitive damages.

The case was heard before the court without a jury. The court entered a judgment including findings of fact and conclusions of law. In addition to reciting the circumstances of the execution of the affidavit and the issuance of the summons above set forth, the court found that, based upon the testimony of the defendant, certain personalty located at the leased premises had a value of $5,000 and a hire of $6.67 per day. The court concluded as a matter of law that the distress warrant and the summons "having been executed before the Clerk of the State Court of DeKalb County, Georgia, and not the Judge of said Court is in violation of the Laws of this State authorizing the Distress Warrant for rent . . . and, therefore, fails to state a claim against the defendant upon which relief may be granted as a matter of law." The court also concluded that the defendant was entitled to recover either the personalty or the sum of $5,000 plus hire at the rate of $6.67 per day. The court further determined that the defendant was not entitled to punitive damages. There were no other findings or conclusions. From the judgment ruling in favor of the appellee dismissing the distress warrant and awarding a money judgment on the counterclaim, appellant appeals.

1. Code Ann. § 61-402 provides as follows:

"Application for distress warrant. When rent is due or the tenant is seeking to remove goods, the landlord, his agent, attorney in fact or attorney at law may, upon statement of the facts under oath, apply for a distress warrant before the judge of the superior court, State court,

civil court or small claims courts, or any justice of the peace within the county where the tenant may reside or where his property may be found."

Code Ann. § 61-403 sets forth that "[w]hen the affidavit provided for in section 61-402 shall be made, the judge of the superior court, State court or civil court before whom it was made shall grant and issue a summons . . ." Upon its construction of the aforesaid statutory provisions, the trial court dismissed the distress warrant proceeding because the affidavit in this case was made before a deputy clerk and the deputy clerk signed the summons, albeit in the name of the Chief Judge of the court. It is true that this court has held that "[T]he authority to issue dispossessory or distress warrants does not exist unless expressly conferred by statute." *Brown v. Cobb Federal Savings &c. Assn.,* 116 Ga. App. 766 (158 SE2d 925) (1967). In *Brown,* we held dispossessory and distress proceedings to be void ab initio because the deputy clerk of the Civil and Criminal Court of Cobb County, rather than the judge thereof, issued a dispossessory warrant and a distress warrant. However, "[t]he Cobb County decision has no application to the case at bar because the clerk and deputy clerks of the State Court of DeKalb County have been granted the 'power to perform all purely ministerial duties which, under the laws of this State, are performable by a justice of the peace.' Ga. L. 1953, p. 3295." *Browning v. F. E. Fortenberry & Sons,* 131 Ga. App. 498, 500 (206 SE2d 101) (1974). The language of the dispossessory proceeding statute construed in *Browning* is strikingly similar to the statutory provision sub judice. The two statutes are sufficiently analogous to persuade us that *Browning* controls here and requires our holding that by virtue of the law creating the predecessor court to the State Court of DeKalb County, the deputy clerk—in executing the jurat and issuing the summons in this case—was performing "purely ministerial duties." Since there was no irregularity in the making of the affidavit or the issuance of the summons, the trial court erred in dismissing the distress proceedings.

Even had the summons and affidavit been defective in this case, the trial court would not have been

authorized to dismiss the same for failure to state a claim upon which relief can be granted. The alleged deficiency in the summons and the affidavit is in the nature of the defense of "insufficiency of process" described in Code Ann. § 81A-112 (b) (4). The appellee failed to raise this defense specifically in his defensive pleadings and, therefore, the same was waived. Code Ann. § 81A-112 (h). *King v. Ellis,* 146 Ga. App. 157 (246 SE2d 1) (1978). Appellee's contention that his CPA § 12 (b) (6) motion to dismiss for failure to state a claim upon which relief can be granted was sufficient to raise the issue must be decided adversely to him on the basis of *Williamson v. Perret's Farms,* 128 Ga. App. 687, 691 (197 SE2d 754) (1973).

2. Appellant also enumerates as error the trial court's grant of judgment in favor of the appellee on appellee's counterclaim and, in support of this enumeration, contends that the trial court should have granted his motion to strike the counterclaim because the same was based upon fraud and did not allege the circumstances constituting the fraud with particularity as required by § 9B of the Georgia Civil Practice Act (Code Ann. § 81A-109 (b)). Appellant's contention is without merit since "[i]n *Cochran v. McCollum,* 233 Ga. 104 (210 SE2d 13) it was held where there is a failure to plead fraud with particularity that the correct remedy is not a motion to dismiss or strike but a motion for more definite statement under CPA § 12 (e) (Code Ann. § 81A-112 (e))." *Scroggins v. Harper,* 144 Ga. App. 548, 549 (241 SE2d 648) (1978). The record contains no motion for more definite statement and, therefore, the trial court did not err in denying appellant's motion to strike.

Nevertheless, we must remand the case for further consideration of the counterclaim because the findings and conclusions in this connection are insufficient. The counterclaim seeks damages on the basis of appellant's conversion to his own use of certain goods and chattels located at the leased premises. Although, as noted above, the trial court found that the value ascribed to said personalty was in the amount testified to by appellee, the order is devoid of either finding of facts or conclusions of law dealing with whether or not appellant *wrongfully appropriated or converted* the personalty.

It is true that, generally, where—as here—there is no transcript of evidence, the judgment must be affirmed because it cannot be said that the trial court's findings are "clearly erroneous" as contemplated by Code Ann. § 81A-152 (a). *Milam v. Milam,* 240 Ga. 33, 34 (239 SE2d 361) (1977). However, " '[t]he statute (Ga. L. 1969, p. 645, as amended, Ga. L. 1970, p. 170 (Code Ann. § 81A-152 (a))) explicitly requires the findings and "Where the trial court fails to make findings, *or to find on a material issue,* and an appeal is taken, the appellate court will normally vacate the judgment and remand the action for appropriate findings to be made." 5A Moore, Federal Practice Par. 2718, 52.06[2], (2d Ed. 1953). (cases cited).' *Spivey v. Mayson,* 124 Ga. App. 775 (186 SE2d 154)." *Bituminous Cas. Corp. v. J. B. Forrest & Sons,* 132 Ga. App. 714, 720 (209 SE2d 6) (1974). Since the gravamen of appellee's counterclaim is the fraudulent conversion of personalty by appellant, we hold that the findings of fact and conclusions of law here are deficient in that they fail to resolve a "material issue."

Accordingly, for the reasons set forth in Division 1 of this opinion, we reverse the judgment of the trial court dismissing the distress proceedings. The case is remanded with the direction that the trial court vacate its judgment, make appropriate findings of fact and conclusions of law as to all material issues and enter a new judgment from which either party shall be free to enter another appeal. *Graham v. Tallent,* 137 Ga. App. 444 (224 SE2d 98) (1976).

*Judgment reversed and appeal remanded with direction. Deen, C. J., concurs. Shulman, J., concurs specially.*

SUBMITTED JULY 2, 1979 — DECIDED
SEPTEMBER 14, 1979.

*J. L. Jordan,* for appellant.
*William V. Hall, Jr.,* for appellee.

SHULMAN, Judge, concurring specially.
I agree fully with the result reached by Judge Carley

and feel that I am bound by *Browning v. F. E. Fortenberry & Sons,* 131 Ga. App. 498 (2) (206 SE2d 101). However, I am constrained to protest once again against the proliferation of local laws with provisions contrary to statutes of general application or in modification thereof. See this writer's addendum to *Critz Buick, Inc. v. Aliotta,* 145 Ga. App. 805 (245 SE2d 56), and the citation therein to *Sellers v. Home Furnishing Co.,* 235 Ga. 831 (222 SE2d 34), which bolsters further Judge Carley's opinion in the instant case.