59002, 59003. SMITH v. RANDOLPH; and vice versa.

SHULMAN, Judge.

This appeal by defendant below (and cross appeal by plaintiff below) is from a judgment of $1,737.62, plus interest, for plaintiff, found and entered at a bench trial. We remand with direction.

Plaintiff-contractor brought suit against defendant-homeowner, alleging that defendant, pursuant to both a written and oral agreement, had not paid him for certain remodeling work done on defendant's residence. Plaintiff sought damages in the amount of the contract price left owing ($1,750) as well as an additional $650 which plaintiff alleged was the value of dental services defendant had agreed to provide plaintiff in exchange for plaintiff's carpentry services (which oral agreement, plaintiff alleged, had been made prior to or contemporaneously with the parties' written agreement). Further, plaintiff claimed the additional sum of $337.62 for work performed on defendant's home, though such work had not been provided for in the parties' written agreement.

Defendant alleged that since plaintiff had not completed his work as promised in a workmanlike manner, such sums were not owing, and sought damages on cross appeal of an unspecified amount.

The court evidently determined that plaintiff was not entitled to full recovery; however, the monetary figure awarded to plaintiff does not correspond to any figure established by the evidence, and we are unable to determine from the court's findings of fact and

conclusions of law the basis for the court's judgment.

"CPA § 52 (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171 (Code Ann. § 81A-152)) require[s] the trial court to 'find the facts specially and state separately its conclusions of law thereon and judgment shall be entered pursuant to section 81A-158. . .' Such action is mandatory and not discretionary. [Cit.]" *Barkwell v. Helms,* 137 Ga. App. 290 (223 SE2d 485).

". . . Specific findings of fact were not entered in sufficient clarity to enable this court to understand the basis of the trial court's decision. As manifested by their appellate briefs, neither counsel for the two litigants clearly understood whether the trial court rendered . . . judgment upon a contract or upon quantum meruit or upon a contract with quantum meruit for extras outside the scope of the contract. This court likewise is unable to understand the trial court's conclusions of law, inasmuch as none was separately entered.

"Since there was a failure adequately to make the requisite findings, this appeal [and cross appeal] must be remanded with direction that the trial court vacate the judgment and that he prepare, or cause to be prepared, appropriate findings of fact and conclusions of law, and enter a new judgment thereon. Thereafter, the [respective parties] shall be free to enter another appeal [and cross appeal] if desired. [Cits.]" Id., pp. 290-291. See also *White v. Johnson,* 151 Ga. App. 345 (2) (259 SE2d 731).

*Judgment remanded with direction. Deen, C. J., and Carley, J., concur.*

ARGUED NOVEMBER 6, 1979 — DECIDED JANUARY 14, 1980.

*Gary D. Simpson,* for appellant.
*W. Gary Moore,* for appellee.